UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MICHELLE CLINE and KELLY ENGSTROM, individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>TOUCHTUNES MUSIC CORPORATION,<br><br>Defendant. | Civil Action No. 14 Civ. 4744 (LAK)<br><br>ECF CASE |

---

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT TOUCHTUNES MUSIC CORPORATION'S
MOTION TO DISMISS THE FIRST AMENDED COMPLAINT
AND, OR IN THE ALTERNATIVE, TO STRIKE CERTAIN ALLEGATIONS**

---

Jamie A. Levitt
Cameron A. Tepfer
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
jlevitt@mofo.com
ctepfer@mofo.com

*Attorneys for Defendant
TouchTunes Music Corporation*

# TABLE OF CONTENTS

**Page**

I.    THIS COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE PLAINTIFFS FAIL TO ALLEGE WITH REASONABLE PROBABILITY OVER $5 MILLION IN CONTROVERSY. ..................................................................... 7

II.   IN ADDITION TO LACKING SUBJECT MATTER JURISDICTION, PLAINTIFFS FAIL TO PROPERLY STATE A NEW YORK CONSUMER PROTECTION CLAIM. ....................................................................................... 9

    A.    New York Consumer Protection Claims Cannot Be Brought By Non-New York Plaintiffs Who Fail to Allege Any Deception in New York. ...................... 9

    B.    Plaintiffs' New York Consumer Protection Law Claims Fail to Specify A Single Deceptive Act or Omission. ........................................................ 10

    C.    Plaintiffs' Claims Under Section 349 Fail to Allege That Any Act or Omission Was Materially Misleading. ................................................... 12

III.  PLAINTIFFS' COMMON LAWS CLAIMS ALSO FAIL TO ALLEGE ESSENTIAL ELEMENTS ............................................................................ 14

    A.    Plaintiffs' Good Faith and Fair Dealing Claim Fails Because They Do Not Allege The Existence of a Contract. ................................................... 14

    B.    Plaintiffs' Unjust Enrichment Claim Fails Because They Do Not Allege any Direct Relationship with TouchTunes or Failure to Receive What They Bargained For. ......................................................................... 15

        1.    Plaintiffs Fail to Allege any Direct Relationship with TouchTunes. ........ 15

        2.    Plaintiffs Do Not Allege That They Received Less Than What They Bargained For. ............................................................... 16

IV.   DISMISSAL SHOULD BE WITH PREJUDICE. ......................................... 17

V.    THE CLASS ALLEGATIONS SHOULD BE STRICKEN BECAUSE THEY ARE FACIALLY DEFICIENT. .................................................................. 19

        1.    The Proposed Class Is Overbroad and Unascertainable. ......................... 20

        2.    Plaintiffs' Allegations Show that Individual Issues Will Predominate. ........................................................................ 21

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ackerman v. Coca-Cola Co.*,
No. 09 CV 395 (DLI)(RML), 2013 WL 7044866 (E.D.N.Y. July 18, 2013)........................22

*Amron v. Morgan Stanley Inv. Advisors Inc.*,
464 F.3d 338 (2d Cir. 2006)..................................................................................................9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).............................................................................................................9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).............................................................................................................9

*Berman v. Sugo LLC*,
580 F. Supp. 2d 191 (S.D.N.Y. 2008)................................................................................15

*Bildstein v. MasterCard Int'll, Inc.*,
No. 03 Civ. 98261 (WHP), 2005 WL 1324972 (S.D.N.Y. June 6, 2005) .............................13

*Blockbuster, Inc. v. Galeno*,
472 F.3d 53 (2d Cir. 2006)....................................................................................................7

*Bose v. Interclick, Inc.*,
No. 10 CIV. 9183 (DAB), 2011 WL 4343517 (S.D.N.Y. Aug. 17, 2011) .............................19

*Chambers v. Time Warner, Inc.*,
282 F.3d 147 (2d Cir. 2002)..................................................................................................4

*Chiste v. Hotels.com L.P.*,
756 F. Supp. 2d 382 (S.D.N.Y. 2010)................................................................................13

*Cortec Indus., Inc. v. Sum Holding L.P.*,
949 F.2d 42 (2d Cir. 1991)..................................................................................................18

*Costigan v. CitiMortgage, Inc.*,
No. 10 CIV. 8776 (SAS), 2011 WL 3370397 (S.D.N.Y. Aug. 2, 2011) ...............................18

*Cuoco v. Moritsugu*,
222 F.3d 99 (2d Cir. 2000)..................................................................................................18

*Davito v. AmTrust Bank*,
743 F. Supp. 2d 114 (E.D.N.Y. 2010) ................................................................................19

*DeBoe v. Du Bois*,
 503 F. App'x 85 (2d Cir. 2012) .............................................................3

*DiTolla v. Doral Dental IPA of New York, LLC*,
 469 F.3d 271 (2d Cir. 2006).............................................................7, 8

*Fink v. Time Warner Cable*,
 714 F.3d 739 (2d Cir. 2013).................................................................13

*Fuji Photo Film U.S.A., Inc. v. McNulty*,
 669 F. Supp. 2d 405 (S.D.N.Y. 2009)...........................................14, 15

*Garcia v. Four Bros. Pizza, Inc.*,
 No. 13 CV 1505 (VB), 2014 WL 2211958 (S.D.N.Y. May 23, 2014)....................8

*Georgia Malone & Co. v. Rieder*,
 19 N.Y.3d 511, 950 N.Y.S.2d 333 (2012) ...........................................16

*Goshen v. Mut. Life Ins. Co. of New York*,
 98 N.Y.2d 314, 746 N.Y.S.2d 858 (2002) ...........................................10

*Grynberg v. ENI S.P.A.*,
 503 F. App'x 42 (2d Cir. 2012) ...........................................................16

*Horowitz v. Am. Int'l Grp., Inc.*,
 No. 09 Civ 7312(PAC), 2010 WL 3825737 (S.D.N.Y. Sept. 30, 2010) ..............19

*In re Canon Cameras Litig.*,
 237 F.R.D. 357 (S.D.N.Y. 2006) .........................................................17

*In re Frito-Lay N. Am., Inc. All Natural Litig.*,
 No. 12-MD-2413 RRM RLM, 2013 WL 4647512 (E.D.N.Y. Aug. 29, 2013) ......10

*Kaufman v. Sirius XM Radio, Inc.*,
 751 F. Supp. 2d 681 (S.D.N.Y. 2010), *aff'd*, 474 F. App'x 5 (2d Cir. 2012)..........10

*Keefe v. New York Law Sch.*,
 71 A.D.3d 569, 897 N.Y.S.2d 94 (1st Dep't 2010) ...............................14

*Kottler v. Deutsche Bank AG*,
 No. Civ. 7773(PAC), 2010 WL 1221809 (S.D.N.Y. Mar. 29, 2010) ..................22

*Leibowitz v. Cornell Univ.*,
 584 F.3d 487 (2d Cir. 2009).................................................................16

*Leider v. Ralfe*,
 387 F. Supp. 2d 283 (S.D.N.Y. 2005).................................................11

-iii-

*Makarova v. United States,*
  201 F.3d 110 (2d Cir. 2000)..................................................................3, 7

*Mandarin Trading Ltd. v. Wildenstein,*
  16 N.Y.3d 173, 919 N.Y.S.2d 465 (2011) ..................................................16

*Marcus v. AT&T,*
  138 F.3d 46 (2d Cir. 1998)..........................................................................12

*Matana v. Merkin,*
  989 F. Supp. 2d 313 (S.D.N.Y. 2013).........................................................15

*Maurizio v. Goldsmith,*
  230 F.3d 518 (2d Cir. 2000)........................................................................12

*McCarthy v. Dun & Bradstreet Corp.,*
  482 F.3d 184 (2d Cir. 2007)........................................................................17

*Oswego Laborers' v. Marine Midland Bank,*
  85 N.Y.2d 20, 623 N.Y.S.2d 529 (1995) ....................................................12

*Pagan v. Abbott Labs., Inc.,*
  287 F.R.D. 139 (E.D.N.Y. 2012).................................................................20

*Pelman v. McDonald's Corp.,*
  237 F. Supp. 2d 512 (S.D.N.Y. 2003)...................................................11, 12

*PFT of Am., Inc. v. Tradewell, Inc.,*
  No. 98 CIV. 6413(RPP), 1999 WL 179358 (S.D.N.Y. Mar. 31, 1999)..................19

*Prestige Brands Inc. v. Guardian Drug Co.,*
  951 F. Supp. 2d 441 (S.D.N.Y. 2013).........................................................14

*Redtail Leasing, Inc. v. Bellezza,*
  No. 95 Civ. 5191 (JFK), 1997 WL 603496 (S.D.N.Y. Sept. 30, 1997)............15, 16

*Schorr v. Guardian Life Ins. Co. of Am.,*
  44 A.D.3d 319, 843 N.Y.S.2d 24 (1st Dep't 2007) ....................................14

*Sichel v. UNUM Provident Corp.,*
  230 F. Supp. 2d 325 (S.D.N.Y. 2002).........................................................11

*Smith v. Manhattan Club Timeshare Ass'n, Inc.,*
  944 F. Supp. 2d 244 (S.D.N.Y. 2013)...........................................................3

*Solomon v. Bell Atl. Corp.,*
  9 A.D.3d 49, 777 N.Y.S.2d 50 (1st Dep't 2004) ........................................22

-iv-

*Spagnola v. Chubb Corp.*,
    574 F.3d 64 (2d Cir. 2009)...................................................................................12

*Steel Co. v. Citizens for a Better Env't*,
    523 U.S. 83 (1998).............................................................................................7

*Szymczak v. Nissan N. Am., Inc.*,
    No. 10 Civ. 7493 (VB), 2011 WL 7095432 (S.D.N.Y. Dec. 16, 2011) ...........................10, 11

*Tasini v. AOL, Inc.*,
    505 F. App'x 45 (2d Cir. 2012) .............................................................................17

*Tasini v. AOL, Inc.*,
    851 F. Supp. 2d 734 (S.D.N.Y. 2012), *aff'd*, 505 F. App'x 45 (2d Cir. 2012)......................12

*Tymoshenko v. Firtash*,
    No. 11-CV-2794 (KMW), 2013 WL 4564646 (S.D.N.Y. Aug. 28, 2013)............................17

*USAlliance Fed. Credit Union v. Cumis Ins. Soc'y, Inc.*,
    346 F. Supp. 2d 468 (S.D.N.Y. 2004)......................................................................10

*Vaccariello v. XM Satellite Radio, Inc.*,
    295 F.R.D. 62 (S.D.N.Y. 2013) .............................................................................21

*Vigiletti v. Sears, Roebuck & Co.*,
    42 A.D.3d 497, 838 N.Y.S.2d 785 (2d Dep't 2007)......................................................16, 17

*Weaver v. Chrysler Corp.*,
    172 F.R.D. 96 (S.D.N.Y. 1997) .............................................................................10, 11

*Weiner v. Snapple Beverage Corp.*,
    No. 07 CIV. 8742 DLC, 2010 WL 3119452 (S.D.N.Y. Aug. 5, 2010) ......................20, 22, 23

*Weinstein v. eBay, Inc.*,
    819 F. Supp. 2d 219 (S.D.N.Y. 2011).......................................................................13, 14

STATUTES, RULES & REGULATIONS

28 U.S.C.
    § 1332(d)........................................................................................................7
    § 1332(d)(2) ...................................................................................................1

Fed. R. Civ. P.
    12(b)(1) ................................................................................................1, 3, 7, 8, 24
    12(b)(6) ................................................................................................1, 3, 9, 23
    23................................................................................................................19
    23(a) ......................................................................................................19, 20
    23(b)..........................................................................................................20

-v-

23(b)(3) ..................................................................................................19, 22

23(d)(1)(D) ..........................................................................................1, 3, 19, 23

N.Y. Gen. Bus. Law

§ 349................................................................................................... *passim*

§ 349(a) ...........................................................................................................9

§ 350............................................................................................2, 9, 10, 11

ny-1158414

Defendant TouchTunes Music Corporation ("TouchTunes") submits this memorandum of law in support of its motion, pursuant to Rules 12(b)(1), 12(b)(6), and 23(d)(1)(D) of the Federal Rules of Civil Procedure for an order dismissing the First Amended Class Action Complaint, dated July 23, 2014 ("Complaint"), with prejudice for lack of subject matter jurisdiction and for failure to state a cognizable claim for relief, and/or in the alternative, to strike class allegations.

## PRELIMINARY STATEMENT

Plaintiffs attempt to give class action status to a century-old gripe: "the jukebox didn't play my song." Recognizing that this claim alone would not suffice, Plaintiffs allege that TouchTunes deceptively misled users by failing to deliver "pay-for-play" jukebox services. But TouchTunes does not advertise "pay-for-play" services. TouchTunes offers users the same jukebox experience that they have known for generations—an experience complete with the occasional lengthy queue, skipped song, or technical malfunction. And Plaintiffs' threadbare Complaint does not allege any differently. They fail to specify when, where, and how TouchTunes offered "pay-for-play" services—the lynchpin of their Complaint—or what that term even means. Plaintiffs simply fail to satisfy their pleading requirements.

As a preliminary matter, this Court lacks subject matter jurisdiction. The sole basis alleged for federal jurisdiction is the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), but Plaintiffs have not adequately alleged the $5 million jurisdictional requirement. Because Plaintiffs fail to adequately plead CAFA jurisdiction, this Court also lacks jurisdiction to hear any of the remaining state law claims. Even if this Court had jurisdiction to hear the state law claims, however, they should be dismissed because Plaintiffs fail adequately to allege the required elements of those claims.

Plaintiffs' claims under New York's Consumer Protection Laws (General Business Law §§ 349 and 350) should be dismissed for three reasons. First, Plaintiffs fail to allege that that any deceptive act, omission, or advertisement occurred <u>in</u> New York. Plaintiffs are citizens of Montana and North Dakota whose claims are based on conduct wholly outside New York. Second, Plaintiffs fail to allege with specificity that any deceptive act, omission, or advertisement occurred *anywhere*. Plaintiffs' conclusory allegations that TouchTunes offered and failed to provide "pay-for-play" services must be dismissed because Plaintiffs fail to identify a single occasion on which TouchTunes advertised "pay-for-play" services. Third, Plaintiffs fail adequately to allege that any act or omission by TouchTunes would deceive a reasonable consumer. In fact, the Complaint concedes that Plaintiffs were aware of the allegedly deceptive acts and omissions (*e.g*, the skipping of songs or turning off of the jukebox) that form the basis for their claims.

Plaintiffs' common law claims likewise must be dismissed for failing to state a claim. Plaintiffs have no claim for breach of the implied covenant of good faith and fair dealing because they fail to allege the essential element of such a claim: a valid contract. Similarly, Plaintiffs' unjust enrichment claim fails because they do not allege any direct relationship between TouchTunes and users nor that they received less that what they bargained for.

Finally, if this Court finds jurisdiction and any cause of action survives, the class action allegations should be stricken from the Complaint. The putative class and subclasses are overbroad because they include individuals whose songs may not have played through no fault of TouchTunes. And, the classes are fundamentally unascertainable because the vast majority of the class—cash users—cannot be identified. Even assuming that a class was ascertainable, individual issues of fact would predominate with respect to causation, harm, and damages.

ny-1158414

For the reasons set forth herein, TouchTunes respectfully requests that the Court dismiss the Complaint with prejudice in its entirety for lack of jurisdiction and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) or 12(b)(6), and/or, in the alternative, grant its motion to strike the class allegations pursuant to 23(d)(1)(D).

## RELEVANT FACTUAL BACKGROUND

TouchTunes is a Delaware corporation with is principal place of business in New York. (Complaint ¶ 15.)  TouchTunes provides in-venue interactive music and entertainment platforms, commonly known as jukeboxes to operators who in turn provide them to venues across North America.  (*See id.* ¶ 2.)

TouchTunes jukeboxes operate in the same basic way that jukeboxes have for over a hundred years.  The vast majority of TouchTunes users purchase a song physically at a jukebox using cash or credit card. (*Id.* ¶¶ 29, 30.)  And cash users vastly outweigh credit card users at the jukebox.  (Declaration of Patrick Barry in Support of Motion to Dismiss ("Barry Decl.") ¶ 5.)[1] The purchase price for songs is generally determined by the jukebox operator who, in most cases, owns the jukebox.  (Barry Decl. ¶ 4.)   And the price of a song will vary based on venue and song selection. (Barry Decl. ¶ 4; Complaint ¶ 30.)  For example, operators can set the jukebox to allow users to purchase two song credits for a dollar, or three song credits for a dollar. (Barry Decl. ¶ 4.)   Unlike older jukeboxes, when a user purchases a song the jukebox screen can display a queue.  (Complaint ¶ 31.)

---

[1] In resolving a Rule 12(b)(1) motion, a court is not confined to the pleadings; rather, the court can consider evidence outside the pleadings.  *See DeBoe v. Du Bois*, 503 F. App'x 85, 86 (2d Cir. 2012); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)). This applies equally to a motion to dismiss for lack of CAFA jurisdiction.  *See Smith v. Manhattan Club Timeshare Ass'n, Inc.*, 944 F. Supp. 2d 244, 250 (S.D.N.Y. 2013) ("'Where the pleadings themselves are inconclusive as to the amount in controversy . . . courts may look outside those pleadings to other evidence in the record'") (quoting *United Food & Commercial Workers Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994)).

Additionally, TouchTunes began operating a mobile app in September 2010 called myTouchTunes (the "App"). (*Id.* ¶ 4.) The App allows users to select songs to play through their phone rather than physically from a TouchTunes jukebox. (*Id.*) App users download the App onto their mobile device and create an account by providing an e-mail address and a credit or debit card. (*Id.* ¶¶ 35-37.) Individuals purchase credits using the App which can later be redeemed for songs. (*Id.* ¶ 37.) As with TouchTunes' physical jukeboxes, the purchase price of songs varies by venue and song selection. (*Id.*)

By downloading the App, a user is given access to TouchTunes' Terms of Use. (*Id.* ¶¶ 59-61.) The Terms of Use is also accessible and available to all who use a physical jukebox. (Barry Decl. ¶ 8.) The Terms of Use notifies users of a variety of factors which can prevent their song from being played. (Complaint ¶ 61.)[2] Notably, they expressly notify users: "You should be aware that we do not offer refunds for pay services under any circumstances, including if a song that you requested fails to play or if credits that you transfer to a jukebox are lost or expire." (Barry Decl., Ex. A at 5.) On October 28, 2013, TouchTunes amended its Terms of Use to include an arbitration clause and a class action waiver. (Complaint ¶ 17(a) n.1.)

**The Amended Complaint**

On June 26, 2014, Plaintiffs filed a putative class action against TouchTunes. (Class Action Complaint, June 26, 2014, ECF No. 2.) On July 8, 2014 the Court found that Plaintiffs had failed to allege subject-matter jurisdiction and the Court provided relevant guidance. (Order, July 8, 2014, ECF No. 4.) Plaintiffs responded expressing confusion as to the jurisdictional

---

[2] The Amended Complaint quotes selectively from TouchTunes' Terms of Use and does not specify the version of TouchTunes' Terms of Use on which Plaintiffs rely. The Defendant respectfully requests that the Court take judicial notice of the May 6, 2010 TouchTunes Terms of Use, attached as Exhibit A to the Declaration of Patrick Barry. This Terms of Use was the operative agreement governing jukebox and App users until its amendment on October 28, 2013. (*See* Complaint ¶ 17(a) n.1.) When considering a motion to dismiss, the Court may take judicial notice of documents "either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (citation omitted).

requirements (Letter, July 14, 2014, ECF No. 5; Order, July 17, 2014, ECF No. 6), and on July

17, 2014, this Court once again ordered that Plaintiffs amend their Complaint explaining the

jurisdictional defect.  (ECF No. 6.)  Plaintiffs filed the operative amended Complaint on July 23,

2014 adding citizenship allegations.  (Am. Class Action Complaint, July 23, 2014, ECF No. 7.)

**Plaintiffs' Conclusory "Pay-for-Play" Allegations**

    At the heart of Plaintiffs' Complaint is the unsupported allegation that TouchTunes

represents and advertises that it will deliver "pay-for-play" digital jukebox services to users, but

does not provide these "pay-for-play" services on each and every occasion.  (Complaint ¶¶ 5,

40.)  Plaintiffs allegations include occasions when a venue owner or operator chooses to skip a

song (*id*. ¶¶ 5, 45), when a venue owner or operator chooses to deactivate the jukebox because,

for example, when there is live music (*id*. ¶¶ 5, 84), or when the number of songs selected by

other users prevents a user from hearing their song "within a reasonable amount of time."  (*Id*. ¶

5.)  Plaintiffs allege that TouchTunes is aware that a purchased song may not play for these and

other reasons and yet still advertises its services as "pay-for-play."  (*Id*. ¶¶ 89, 90.)  Notably,

Plaintiffs do not identify or provide a single statement or advertisement from TouchTunes

describing its services as "pay-for-play." And Plaintiffs do not even define what "pay-for-play"

means.  Plaintiffs additionally allege that TouchTunes does not refund users when their songs are

skipped or otherwise not played (*id*. ¶ 6), but do not allege that any TouchTunes user has ever

requested and been denied a refund or credit.

    Both named Plaintiffs vaguely allege they were: "TouchTunes consumers whose song

selections were not played."  (*Id*. ¶ 72.)  Plaintiff Cline, a citizen of North Dakota, alleges that

she used the TouchTunes App in Montana roughly sometime "between June and July of 2013."

(*Id*. ¶¶ 13, 73.)  She alleges that on one occasion, on an unspecified date in 2013, she selected a

song using the App that the bartender ultimately skipped.  (*Id*. ¶ 74.)  Ms. Cline does not allege

that she sought a refund from the bartender, the jukebox operator, or TouchTunes or that any

such request was denied.  She notes that at "some point during the summer of 2013" she paid

cash at a TouchTunes jukebox for a song that was later skipped.  (*Id*. ¶ 75.)   She does not allege

that she ever sought a refund from the bartender, the jukebox operator, or TouchTunes, or that

any request was denied.  Ms. Cline also alleges—with no specifics as to when or where—that

she has witnessed bartenders skipping jukebox selections.  (*Id*. ¶ 76, 77.)  She fails to identify

what songs were selected on all but one of these other occasions or whether she selected the

songs that were allegedly skipped.  And she fails to allege how she is aware that any song was

skipped, or if perhaps it played later in the queue or she just stepped out and missed it.  Ms. Cline

never specifies how much the songs she allegedly purchased cost.  And she does not claim to

have seen a single advertisement or representation from TouchTunes, let alone a "pay-for-play"

advertisement.

Plaintiff Marudas[3] alleges that she paid in cash for songs at TouchTunes' jukeboxes.

(*Id*. ¶ 79.)  She claims that she has witnessed venues skipping her and other patrons' songs at

three different bars in Montana.  (*Id*. ¶¶ 81-83.)  Like Ms. Cline, Ms. Marudas does not explain

how she knows that these songs were skipped.  She does not specify when exactly these

purchases occurred, nor does she specify how much any of these purchases cost.  Ms. Marudas

notes that one venue, Hofbrau, would frequently deactivate the jukebox for live musical

performances.  (*Id*. ¶ 84.)  Even though Ms. Marudas concedes she was aware of this particular

venue's practice, Ms. Marudas would still purchase songs from the jukebox.  (*Id*.)  Ms. Marudas

---

[3] The Complaint identifies "Kelly Engstrom" for purposes of jurisdiction and "Kelly Marudas" in the factual
allegations.  It is unknown whether these are the same individuals or what her correct name is.

does not claim to have ever seen any representation or advertisement from TouchTunes, let alone a "pay-for-play" advertisement.

Neither Plaintiff alleges any harm in New York—neither alleges she ever used a TouchTunes jukebox in New York or that a song she purchased in New York failed to play there.

## ARGUMENT

### I.  THIS COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE PLAINTIFFS FAIL TO ALLEGE WITH REASONABLE PROBABILITY OVER $5 MILLION IN CONTROVERSY.

This case should be dismissed under Federal Rule of Civil Procedure 12(b)(1) because this Court lacks the statutory or constitutional power to adjudicate it.  *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94 (1998) ("Without jurisdiction [a] court cannot proceed at all in any cause [of action]") (citation omitted); *see also Makarova,* 201 F.3d at 113.  The *only* basis for federal jurisdiction in this case is CAFA, but Plaintiffs do not—and cannot—allege facts to establish the requisite amount in controversy under CAFA and the case should be dismissed.

CAFA permits federal jurisdiction if:  (1) there is minimal diversity, *i.e.* at least one plaintiff and one defendant are citizens of different states; (2) the proposed class contains at least 100 members; and (3) the amount in controversy is at least $5 million in the aggregate, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d); *Blockbuster, Inc. v. Galeno,* 472 F.3d 53, 57 (2d Cir. 2006).  Plaintiffs, the parties asserting federal jurisdiction, have the burden of establishing subject matter jurisdiction under CAFA by a preponderance of the evidence.  *See DiTolla v. Doral Dental IPA of New York, LLC*, 469 F.3d 271, 275 (2d Cir. 2006).  In order to satisfy their burden, Plaintiffs "must prove to a *reasonable probability* that there is the necessary minimal diversity and that the amount in controversy exceeds $5 million." *Blockbuster*, 472 F.3d at 59 (emphasis added).

Plaintiffs here fail to provide anything more than two wholly conclusory sentences that "the claims of the proposed Class members exceed five million dollars in the aggregate." (Complaint ¶¶ 9(c), 10(d).)  The Court should not credit Plaintiffs' speculative, conclusory allegation.  *See Garcia v. Four Bros. Pizza, Inc.*, No. 13 CV 1505 (VB), 2014 WL 2211958, at *2 (S.D.N.Y. May 23, 2014) (holding that "argumentative inferences favorable to the party asserting jurisdiction should not be drawn.")  Plaintiffs do not come close to meeting their burden.  They do not provide any specifics or explanation as to how they calculate the $5 million figure.  Plaintiffs do not specify—not once—how much they paid for the songs, the average cost of a TouchTunes' song, or the frequency with which songs are not played and not refunded.  The "complaint does not even purport to suggest the value of" their individual claims much less suggest a means for calculating their aggregate value.  *DiTolla*, 469 F.3d at 276 (dismissing for failure to allege amount in controversy under CAFA).  Because Plaintiffs "cannot say beyond mere speculation . . . whether those damages, if they are awarded, would be more than $5 million" the Complaint should be dismissed.  *Id.* at 277.

And there is not a reasonable (if any) probability based on the allegations in the Complaint that Plaintiffs *could* satisfy the $5 million amount-in-controversy requirement. Plaintiffs seek compensatory damages for credit card and App purchases *only*.  (Complaint ¶ 7.) Therefore, the amount-in-controversy can only be satisfied by the claims of App users and possibly credit card users.  But the App only went into use in September 2010, and between September 2010 and 2013 the App only accounted for, at most, 5% of TouchTunes' music service revenue.  (Barry Decl. ¶ 6.)[4]  The vast majority of TouchTunes' jukebox business from 2010 to 2013—approximately 93.5%—was in cash.  (Barry Decl. ¶ 5.)  Damages, therefore,

---

[4] When considering a 12(b)(1) motion to dismiss for lack of jurisdiction, a court may properly look beyond the pleadings.  (*See supra* n.1.)

could only be derived from the small percentage of non-cash purchasers and then only from those non-cash purchasers whose song was not played and who did not get a refund or credit. In other words, Plaintiffs have not and cannot allege that their claims exceed $5 million and thus there is no CAFA jurisdiction.

## II.   IN ADDITION TO LACKING SUBJECT MATTER JURISDICTION, PLAINTIFFS FAIL TO PROPERLY STATE A NEW YORK CONSUMER PROTECTION CLAIM.

Here—if jurisdiction existed—Plaintiffs' New York consumer protection claims would fail as a matter of law because Plaintiffs do not allege harm in New York, fail to allege deceptive acts with specificity, and fail to allege that any statement or omission by TouchTunes was materially misleading. Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is required where a plaintiff fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009). A complaint cannot survive based on "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678; *see also Amron v. Morgan Stanley Inv. Advisors Inc.*, 464 F.3d 338, 344 (2d Cir. 2006) ("bald assertions and conclusions of law will not suffice") (citation omitted).

### A.   New York Consumer Protection Claims Cannot Be Brought By Non-New York Plaintiffs Who Fail to Allege Any Deception in New York.

Plaintiffs purport to bring claims under §§ 349 and 350 of New York's General Business Law. (Complaint ¶ 1.) Section 349 provides that: "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service *in this state* are hereby declared unlawful." N.Y. Gen. Bus. Law § 349(a) (emphasis added). Section 350 provides that: "False advertising in the conduct of any business, trade or commerce or in the furnishing of any service *in this state* is hereby declared unlawful." N.Y. Gen. Bus. Law § 350 (emphasis added).

The New York Court of Appeals has interpreted the "in this state" language to require that any allegedly deceptive conduct must occur within New York.  *See Goshen v. Mut. Life Ins. Co. of New York*, 98 N.Y.2d 314, 325, 746 N.Y.S.2d 858, 864 (2002) ("[T]o qualify as a prohibited act under the statute, the deception of a consumer must occur in New York"); *see also Szymczak v. Nissan N. Am., Inc.*, No. 10 Civ. 7493 (VB), 2011 WL 7095432, at *12 (S.D.N.Y. Dec. 16, 2011) (holding that "the relevant statutes do not apply to transactions occurring outside the state").

The Complaint fails to allege that any deception or false advertising occurred in New York.  The named plaintiffs are citizens of North Dakota and Montana, and they allege harm occurring in North Dakota and Montana.  (Complaint ¶¶ 74-77, 79-85.)  New York's Consumer Protection statutes do not cover acts occurring in North Dakota and Montana by non-New York plaintiffs.  *See In re Frito-Lay N. Am., Inc. All Natural Litig.*, No. 12-MD-2413 RRM RLM, 2013 WL 4647512, at *19 (E.D.N.Y. Aug. 29, 2013) (dismissing claims under NY Consumer Protection claims "brought by and on behalf of non-New York plaintiffs and putative class members"); *see also Kaufman v. Sirius XM Radio, Inc.*, 751 F. Supp. 2d 681, 686 (S.D.N.Y. 2010) (dismissing claims brought by a Nevada plaintiff who was allegedly deceived in Nevada), *aff'd*, 474 F. App'x 5 (2d Cir. 2012).

**B.    Plaintiffs' New York Consumer Protection Law Claims Fail to Specify A Single Deceptive Act or Omission.**

Even if Plaintiffs' New York Consumer Protection Law claims could be brought to remedy an entirely out-of-state alleged harm, conclusory or generalized allegations are insufficient to state a claim under either § 349 or 350.  Instead, a plaintiff "must allege with some specificity the allegedly deceptive acts or practices that form the basis for the claim." *USAlliance Fed. Credit Union v. Cumis Ins. Soc'y, Inc.,* 346 F. Supp. 2d 468, 472 (S.D.N.Y. 2004); *see also Weaver v. Chrysler Corp.,* 172 F.R.D. 96, 100 (S.D.N.Y. 1997) ("Plaintiff is

10

required to set forth specific details regarding the allegedly deceptive acts or practices.")  This

Court has repeatedly dismissed §§ 349 and 350 claims where the pleading consists merely of

"conclusory allegations." *See, e.g., Sichel v. UNUM Provident Corp.,* 230 F. Supp. 2d 325, 330-

32 (S.D.N.Y. 2002); *Szymczak*, 2011 WL 7095432, at *15 (dismissing §§ 349 and 350 claims

where plaintiff failed to make "specific allegations" as to misleading misrepresentations or

advertisements).

Plaintiffs allege under § 349 that TouchTunes deceptively offered "pay-for-play" digital

jukebox services and that TouchTunes failed to provide these "pay-for-play" services.

(Complaint ¶¶ 88, 89.)  Similarly, under § 350, Plaintiffs claim that TouchTunes "misleadingly

and deceptively advertised 'pay-for-play' digital jukebox services."  (*Id.* ¶ 96.)  To support these

claims, "the plaintiff must point to [a] specific advertisement or public pronouncement upon

which he or she relied." *Leider v. Ralfe*, 387 F. Supp. 2d 283, 292 (S.D.N.Y. 2005) (citation

omitted).  They do not.

Plaintiffs do not explain when, where, and how TouchTunes ever advertised "pay-for-

play" services or what the term "pay-for-play" even means.  Plaintiffs do not point to any

specific advertisement or product description by TouchTunes promising "pay-for-play" services

that they saw and neither Plaintiff alleges when and where she was deceived by such statements

or advertisements.  Instead, Plaintiffs claim in a wholly conclusory manner that TouchTunes

both offers and fails to provide this undefined service.  Conclusory allegations of consumer fraud

void of specifics cannot survive a motion to dismiss. *See, e.g., Pelman v. McDonald's Corp.*, 237

F. Supp. 2d 512, 527 (S.D.N.Y. 2003) (dismissing §§ 349 and 350 claims where "Complaint

does not identify a single instance of deceptive acts.")

11

In *Pelman*, Judge Sweet dismissed similarly threadbare allegations based on vague allegations of McDonald's "stating that its products were nutritious" or "encouraging consumers to 'supersize' their meals without disclosing the negative health effects." *Id.* The court noted that any allegedly deceptive advertisements would be "in the public domain" and therefore "plaintiffs should be able . . . to point to the specific statements that form the basis of their claims pursuant to §§ 349 and 350." *Id.* There, as here, however, "[t]he Complaint [did] not identify a single specific advertisement, promotion or statement" attributable to the defendant and the claims were dismissed. *Id.* at 530.

### C.  Plaintiffs' Claims Under Section 349 Fail to Allege That Any Act or Omission Was Materially Misleading.

Plaintiffs' deceptive act claim under § 349 must be dismissed for the further reason that Plaintiffs fail to allege an essential element:  that the act or practice was "misleading in a material respect."  *See Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009).  Under § 349, Plaintiffs must allege conduct that is "misleading in a material way."  *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000).  "An act or omission is materially misleading if it is 'likely to mislead a reasonable consumer acting reasonably under the circumstances.'"  *Tasini v. AOL, Inc.*, 851 F. Supp. 2d 734, 744 (S.D.N.Y. 2012) (citation omitted), *aff'd*, 505 F. App'x 45 (2d Cir. 2012).  The standard for whether an act or practice is misleading is objective, requiring a showing that a reasonable consumer would have been misled by the defendant's conduct.  *See Marcus v. AT&T*, 138 F.3d 46, 64 (2d Cir. 1998); *Oswego Laborers' v. Marine Midland Bank*, 85 N.Y.2d 20, 26, 623 N.Y.S.2d 529, 533 (1995).

Plaintiffs' conclusory allegations that TouchTunes concealed the queue or skip function are contradicted by their Complaint.  According to Plaintiffs, a reasonable consumer acting reasonably under the circumstances is aware that a queue for songs exists (Complaint ¶ 31), has

witnessed bartenders skip songs (*id.* ¶¶ 74-77, 80-83), is aware the moment a song is skipped (*id.* ¶ 47), is aware that venues deactivate jukeboxes when live music is playing (*id.* ¶ 84).  And yet, Plaintiffs claim that a reasonable user is still unaware that a purchased song might not always play.  Plaintiffs' own factual allegations undermine any claim that consumers were materially misled and "attribute[ ] to consumers a level of stupidity that the Court cannot countenance and that is not actionable under G.B.L. § 349."  *Chiste v. Hotels.com L.P.*, 756 F. Supp. 2d 382, 404 (S.D.N.Y. 2010).  And, Plaintiffs do not—and cannot—allege that TouchTunes actively conceals the fact that their song may not be played.  *Cf. Bildstein v. MasterCard Int'll, Inc.*, No. 03 Civ. 98261 (WHP), 2005 WL 1324972, at *4 (S.D.N.Y. June 6, 2005) (holding that the plaintiff sufficiently pleaded deception by omission where the defendant allegedly "went to great efforts to conceal" the existence of a consumer fee).

Indeed, TouchTunes' Terms of Use, available to all users, which Plaintiffs refer to but fail to attach, discloses the very omissions of which they complain.  Plaintiffs allege that TouchTunes "failed to provide notice to Plaintiffs and Class members that its services are designed to take consumers' payments . . . when a paid-for song was not played."  (Complaint ¶ 90.)  The Terms of Use, however, expressly states:  "You should be aware that we do not offer refunds for pay services under any circumstances, including if a song that you requested fails to play or if credits that you transfer to a jukebox are lost or expire."  (Barry Decl., Ex. A at 5.)  Because "'there can be no section 349(a) claim when the allegedly deceptive practice was fully disclosed,'" Plaintiffs' § 349 claim must be dismissed.  *Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013) (quoting *Broder v. MBNA Corp.,* 281 A.D.2d 369, 371, 722 N.Y.S.2d 524, 526 (1st Dep't 2001)).

In the century that jukeboxes have existed, a reasonable consumer has experienced skipped or otherwise un-played or missed songs.  Here, "common sense dictates that no

13

reasonable consumer could plausibly think that [TouchTunes offers unfettered "pay-for-play" services] when faced with overwhelming evidence to the contrary." *See Weinstein v. eBay, Inc.*, 819 F. Supp. 2d 219, 228 (S.D.N.Y. 2011). Because Plaintiffs failed to allege a materially misleading act or omission by TouchTunes—indeed their Complaint undermines such claim—the § 349 claim must be dismissed.

### III. PLAINTIFFS' COMMON LAWS CLAIMS ALSO FAIL TO ALLEGE ESSENTIAL ELEMENTS

#### A. Plaintiffs' Good Faith and Fair Dealing Claim Fails Because They Do Not Allege The Existence of a Contract.

Plaintiffs allege a breach of the implied covenant of good faith and fair dealing based on their jukebox song purchases, but fail to allege the essential ingredient of such claim: a valid contract. *See, e.g.*, *Keefe v. New York Law Sch.*, 71 A.D.3d 569, 570, 897 N.Y.S.2d 94, 95 (1st Dep't 2010) ("Absent the existence of a contract, a claim alleging breach of the implied covenant of good faith and fair dealing is legally unavailing"); *Prestige Brands Inc. v. Guardian Drug Co.*, 951 F. Supp. 2d 441, 447 (S.D.N.Y. 2013) (dismissing breach of implied covenant of good faith and fair dealing where plaintiff "failed [to] sufficiently to allege the existence of a contract"). Under New York law, the implied covenant of good faith and fair dealing arises solely from a contractual obligation. *See Schorr v. Guardian Life Ins. Co. of Am.*, 44 A.D.3d 319, 319, 843 N.Y.S.2d 24, 25 (1st Dep't 2007) ("Plaintiff failed to plead properly a claim for breach of the implied covenant of good faith and fair dealing since he did not demonstrate the existence of a valid contract from which such a duty would arise").

Plaintiffs do not adequately allege the existence of any valid contract between them and TouchTunes. They have not identified any "facts surrounding the formation of the contract such as the date the parties entered into the contract, the major terms of the contract, the parties to the contract, and that the party to be bound assented to the contract." *Fuji Photo Film U.S.A., Inc. v.*

14

*McNulty*, 669 F. Supp. 2d 405, 412 (S.D.N.Y. 2009).[5]  Instead, Plaintiffs state that users who purchase songs from TouchTunes jukeboxes, "do not have the option of viewing or consenting to any user agreement on the physical jukebox" and for Non-App users, "no User Agreement or terms of use screen appears" when a song is purchased.  (Complaint ¶¶ 32, 58.)  For App users, "there is no option or requirement that consumers consent or agree to the terms of TouchTunes App's User Agreement . . . ."  *(Id*. ¶ 59.)  Because Plaintiffs have failed to allege the existence of a valid contract between TouchTunes and Plaintiffs, under New York Law there can be no implied covenant of good faith and fair dealing and this claim must be dismissed.  *See Berman v. Sugo LLC*, 580 F. Supp. 2d 191, 202 (S.D.N.Y. 2008) (holding that "a claim that fails 'to allege facts sufficient to show that an enforceable contract existed' between the parties is subject to dismissal") (quoting *Banco Espirito Santo de Investimento, S.A. v. Citibank, N.A.*, No. 03 Civ. 1537, 2003 WL 23018888, at *4 (S.D.N.Y. Dec. 22, 2003)).

#### B.    Plaintiffs' Unjust Enrichment Claim Fails Because They Do Not Allege any Direct Relationship with TouchTunes or Failure to Receive What They Bargained For.

Plaintiffs' equitable claim for unjust enrichment also fails because they do not allege the essential elements of the claim: a substantive relationship with TouchTunes nor that Plaintiffs received less than that for which they bargained.

#### 1.    Plaintiffs Fail to Allege any Direct Relationship with TouchTunes.

Plaintiffs allege no substantive relationship or direct dealing with TouchTunes.  A claim for unjust enrichment "requires some type of direct dealing or actual, substantive relationship

---

[5] Plaintiffs' Complaint states that "[b]y purchasing 'credits' . . . and making song selections, Plaintiffs and Class members performed or tendered performance." (Complaint ¶ 39.)  While it is unclear if this language is intended to allege the existence of a valid contract, it is legally insufficient because it does not identify any specific dates, parties, or even terms of any contract. *See Matana v. Merkin*, 989 F. Supp. 2d 313, 319 (S.D.N.Y. 2013) (dismissing breach of good faith and fair dealing claim where the Complaint "does not anywhere allege an exchange of promises or other consideration, nor does it allege the date on which the contract was entered").

with a defendant." *Redtail Leasing, Inc. v. Bellezza,* No. 95 Civ. 5191 (JFK), 1997 WL 603496, at *8 (S.D.N.Y. Sept. 30, 1997). This requirement is intended to ensure the existence of "a relationship between the parties that could have caused reliance or inducement." *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182-83, 919 N.Y.S.2d 465, 472 (2011) (dismissing "conclusory allegations that fail to establish that a defendant was unjustly enriched at the expense of a plaintiff").

Here, Plaintiffs do not allege a single specific communication between them and TouchTunes. The only relationship Plaintiffs allege is that consumers either used TouchTunes' jukeboxes or downloaded the mobile App. This is not enough. *See Georgia Malone & Co. v. Rieder*, 19 N.Y.3d 511, 518, 950 N.Y.S.2d 333, 337-38 (2012) (dismissing unjust enrichment claim where Complaint did not assert that the parties "had anything other than arm's length business interactions"); *see also Grynberg v. ENI S.P.A.*, 503 F. App'x 42, 43-44 (2d Cir. 2012) (affirming dismissal of unjust enrichment claims where plaintiff did not "show any relationship" with the defendant). Because Plaintiffs have failed to allege "anything other than arm's length business interactions" the unjust enrichment claim must be dismissed. *Georgia Malone*, 19 N.Y.3d at 517-18, 950 N.Y.S.2d at 337.

> **2.      Plaintiffs Do Not Allege That They Received Less Than What They Bargained For.**

Plaintiffs' unjust enrichment claim also fails because they have not adequately alleged that they received less than that for which they bargained. "A claimant seeking relief under a theory of unjust enrichment in New York must demonstrate (1) that the defendant benefited; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 509 (2d Cir. 2009) (citation omitted). That means Plaintiffs must show "that the benefits that the members of the plaintiffs' class received were less than what they

bargained for." *Vigiletti v. Sears, Roebuck & Co.*, 42 A.D.3d 497, 498, 838 N.Y.S.2d 785, 785 (2d Dep't 2007); *accord, In re Canon Cameras Litig.*, 237 F.R.D. 357, 359 (S.D.N.Y. 2006).

Plaintiffs have not adequately alleged that what they received was less than what they bargained for—the Complaint does not even contain well-pled allegations as to what service Plaintiffs expected to receive. Plaintiffs summarily claim that TouchTunes promised and failed to deliver "pay-for-play" services. (Complaint ¶ 5.) Nowhere in their Complaint, however, do they explain when and where TouchTunes promised these "pay-for-play" services or what that term even means. TouchTunes cannot be held accountable for failing to provide a service that it never offered and that Plaintiffs cannot even describe. *Tasini v. AOL, Inc.*, 505 F. App'x 45, 47-48 (2d Cir. 2012) ("Though it is no doubt a great disappointment to find that The Huffington Post did not live up to the ideals plaintiffs ascribed to it, plaintiffs have made no factual allegations that, if taken as true, would permit the inference that The Huffington Post deceived the plaintiffs or otherwise received a benefit at the expense of the plaintiffs such that equity and good conscience require restitution.")

## IV.   DISMISSAL SHOULD BE WITH PREJUDICE.

TouchTunes submits that the Complaint should be dismissed with prejudice. Plaintiffs have already been given opportunities to amend their Complaint. (ECF Nos. 4-6; Complaint.) As such, Plaintiffs will have to seek the leave of Court to further amend their pleadings. *See Tymoshenko v. Firtash*, No. 11-CV-2794 (KMW), 2013 WL 4564646, at *5 (S.D.N.Y. Aug. 28, 2013) ("Plaintiffs, having amended their pleading once as of right . . . can amend their complaint further only by leave of the Court"). And a court is well within its discretion to deny a plaintiff leave to amend their pleadings. *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (affirming district court's dismissal with prejudice because "it is within the sound discretion of the district court to grant or deny leave to amend").

17

Here, in any event, amendment would be futile because Plaintiffs cannot allege any facts sufficient to resurrect their claims and dismissal thus should be with prejudice. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice"); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [Plaintiffs'] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile").

First, Plaintiffs cannot cure their jurisdictional deficiency by amendment because they cannot meet the $5 million jurisdictional requirement.  As set forth above, Plaintiffs claim compensatory damages for App and Credit Card users alone.  (Complaint ¶ 7.)  And the App users' claims are limited to the period of September 2010 to 2013.  (*Id*. ¶ 17(a); Barry Decl. ¶ 6.) Together, these non-cash users represent only 6.5% of TouchTunes gross music service revenue for that time period.  (Barry Decl. ¶ 7.)  Thus, leave to amend would not allow Plaintiffs to meet CAFA's $5 million requirement.

Second, Plaintiffs cannot cure their New York Consumer claim deficiency by repleading, because Plaintiffs cannot allege they were deceived and suffered harm in the state of New York. In a second amended complaint, Plaintiffs will still be residents of North Dakota and Montana and any alleged harm would still have occurred outside New York.  *See Costigan v. CitiMortgage, Inc.*, No. 10 CIV. 8776 (SAS), 2011 WL 3370397, at *10 (S.D.N.Y. Aug. 2, 2011) (dismissing New York consumer claims with prejudice where plaintiff was a non-New York resident who conducted all of his transactions outside of New York).

Finally, Plaintiffs cannot save their common law claims through amendment because they cannot allege the required contractual or direct relationship with TouchTunes necessary to maintain breach of the implied covenant of good faith and fair dealing and unjust enrichments

18

claims. *See Bose v. Interclick, Inc.*, No. 10 CIV. 9183 (DAB), 2011 WL 4343517, at *11 (S.D.N.Y. Aug. 17, 2011) (dismissing claims with prejudice where "Plaintiff has alleged no specific interaction with" the defendants).

> **V.    THE CLASS ALLEGATIONS SHOULD BE STRICKEN BECAUSE THEY ARE FACIALLY DEFICIENT.**

Given the fatal defects in the named Plaintiffs' claims, the Court should dismiss this purported class action in its entirety. *See Horowitz v. Am. Int'l Grp., Inc.*, No. 09 Civ. 7312(PAC), 2010 WL 3825737, at *10 (S.D.N.Y. Sept. 30, 2010) ("Since there is no claim on the merits, the motion to dismiss the complaint is granted.  As there is no complaint, there can be no class action").  Thus, the Court need only reach the motion to strike the class allegations if Plaintiffs can somehow overcome jurisdictional deficiencies and the failure to state their claims.

If any of the Complaint survives, however, TouchTunes submits that this Court should strike the class allegations as facially deficient under Federal Rule of Civil Procedure 23.  *See Davito v. AmTrust Bank*, 743 F. Supp. 2d 114, 117 (E.D.N.Y. 2010) (granting motion to strike class allegations under Rule 23(d)(1)(D) because pleadings revealed that class treatment was not warranted); *PFT of Am., Inc. v. Tradewell, Inc.*, No. 98 CIV. 6413(RPP), 1999 WL 179358, at *1-2 (S.D.N.Y. Mar. 31, 1999) (granting motion to strike class allegations at pleading stage).

To certify a class, Plaintiffs must demonstrate that (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) their claims and defenses applicable to those claims are typical of those of the class; and (4) they will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).  If those factors are met, the court must also decide whether plaintiffs meet the predominance requirement—"that the questions of law or fact common to class members predominate over any questions affecting only individual members."  Fed. R. Civ. P. 23(b)(3).  Failure to satisfy any

one of the Rule 23(a) or Rule 23(b) factors precludes class certification.  From the face of the Complaint alone, Plaintiff fails to satisfy at least two.

### 1.    The Proposed Class Is Overbroad and Unascertainable.

The proposed class consists of individuals who "at any time between May 30, 2010 to October 28, 2013, purchased a song through TouchTunes' "pay-for-play" jukebox service App, which was not played because it was skipped or otherwise interfered with, and no refund was issued ("App users")"; or "at any time between May 30, 2010 to present, purchased a song through TouchTunes' "pay-for-play" jukebox service from a TouchTunes equipped venue's onsite jukebox, which was not played because it was skipped or otherwise interfered with, and no refund was received ("Non-App users")."  (Complaint ¶ 17.)  Additionally, Plaintiffs propose two subclasses of Non-App users:  those who purchased a song from a TouchTunes jukebox using a credit card ("Credit Card Subclass") and those who purchased a song from a TouchTunes jukebox using cash ("Cash Subclass").  (*Id*. ¶ 18.)

As an initial matter, Plaintiffs' proposed Cash Subclass is hopelessly unascertainable because "[p]laintiffs have failed to show how the potentially millions of putative class members could be ascertained using objective criteria that are administratively feasible."  *Weiner v. Snapple Beverage Corp.*, No. 07 CIV. 8742 DLC, 2010 WL 3119452, at *13 (S.D.N.Y. Aug. 5, 2010).  The proposed Cash Subclass broadly includes anyone who had ever paid in cash at a TouchTunes jukebox and failed to hear their song play, but there are generally no verifiable or other records to identify any class members who used cash and Plaintiffs offer no means of identifying these members.  For this reason alone the Cash Subclass allegations should be struck. *See Pagan v. Abbott Labs., Inc.*, 287 F.R.D. 139, 151 (E.D.N.Y. 2012) (denying class certification "because the Defendant does not have records of everyone who purchased . . . an over-the-counter product [that] is frequently paid for in cash").

20

Even without the Cash Subclass, Plaintiffs' class definitions remain impermissibly overbroad because they would permit class members to bring claims without regard to whether TouchTunes acted wrongfully.  For example, the class definition permits individuals to bring claims for songs that were not only skipped "but otherwise interfered with."  (Complaint ¶ 17.) This definition would permit claims based on songs that were not played for any number of reasons, including user error, power outages, technical difficulties or many other reasons unrelated to any alleged wrongdoing by TouchTunes. Additionally, the class definition would include individuals regardless of whether or not they requested and were denied a refund.  Thus, for example, under Plaintiffs' proposed class definition, a user may have missed a song they purchased because of a power outage, never requested a refund, and could still submit a claim against TouchTunes.

### 2.    Plaintiffs' Allegations Show that Individual Issues Will Predominate.

Finally, should Plaintiffs' conclusory allegations survive to class litigation, individual issues of proof would undoubtedly predominate over any common issues of proof.  For this reason as well, the class allegations should be struck.  *See Vaccariello v. XM Satellite Radio, Inc.*, 295 F.R.D. 62, 67 (S.D.N.Y. 2013) (holding "where the resolution of individual claims for relief would require individualized inquires, this [predominance] requirement is not met").

For New York Consumer Protection claims, a plaintiff would have to demonstrate she purchased a particular song at a particular TouchTunes jukebox, how much she paid, and at what venue.  She would need to identify the TouchTunes statement or omission that deceived her, when it deceived her, and how that particular act or omission was materially misleading.  She would have to demonstrate that the song she requested was skipped or "otherwise interfered with," not that she simply missed the song while, for example, in the bathroom, outside smoking, or because she left the venue early.  And, she would have to demonstrate that she requested and

was denied a refund.  These individual inquiries, repeated for each alleged class member, would swamp common issues of proof.  *See Solomon v. Bell Atl. Corp.*, 9 A.D.3d 49, 54, 777 N.Y.S.2d 50, 56 (1st Dep't 2004) (dismissing consumer class action because "individual trials would be required to determine whether a reasonable consumer acting reasonably in each plaintiff's circumstances would have been misled by defendants' representations.")  This is why courts rarely certify § 349 class actions. *See Ackerman v. Coca-Cola Co.*, No. 09 CV 395 (DLI)(RML), 2013 WL 7044866, at *20 (E.D.N.Y. July 18, 2013) ("plaintiffs have cited no case certifying a Rule 23(b)(3) consumer class for claims brought under GBL § 349 based on allegations of misleading product labeling or marketing, and this court's research uncovered none.")

The Court would have to conduct similarly individualized inquiries for Plaintiffs' unjust enrichment claims to determine what each Plaintiff believed she bargained for.  *See Weiner*, 2010 WL 3119452, at *11 (dismissing class-wide unjust enrichment claims because individual issues would "dwarf any issues of law or fact common to the class" based on plaintiffs' failure to show "how they would prove, on a class-wide basis, whether the benefits that putative class members received were 'less than what they bargained for'").  Plaintiffs' unjust enrichment claims would also require choice of law analyses, which create commonality and predominance issues that defeat class certification of any nationwide class.  *See, e.g.*, *Kottler v. Deutsche Bank AG*, No. Civ. 7773(PAC), 2010 WL 1221809, at *4 (S.D.N.Y. Mar. 29, 2010) (holding "variations in state law have generally precluded nationwide class certifications based on unjust enrichment theories").

Plaintiffs also fail to assert a suitable methodology or formula for establishing injury on a class-wide basis.  *See, e.g.*, *Weiner*, 2010 WL 3119452, at *6 (dismissing class claims under GBL § 349 because "plaintiffs have not proposed a suitable methodology for establishing the

22

critical elements of causation and injury on a class-wide basis.") While Plaintiffs allege that "TouchTunes' App maintains an electronic record of songs play [sic], those skipped, and payments made by App users" (Complaint ¶ 26), even if this were true, it would not assist the Court in identifying non-App users who purchased songs at a physical TouchTunes jukebox— the vast majority of TouchTunes users.

## **CONCLUSION**

For the reasons set forth above, TouchTunes respectfully requests that this Court dismiss the Complaint in its entirety with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and/or 12(b)(6), and/or in the alternative, strike the class allegations pursuant to 23(d)(1)(D).

Dated:  October 22, 2014

MORRISON & FOERSTER LLP

/s/ Jamie A. Levitt
Jamie A. Levitt
Cameron A. Tepfer
250 West 55th Street
New York, NY 10019
Telephone:  (212) 468-8000
Facsimile:   (212) 468-7900
jlevitt@mofo.com
ctepfer@mofo.com

*Attorneys for Defendant*
*TouchTunes Music Corporation*