UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHELLE CLINE and KELLY ENGSTROM, individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiffs,<br><br>   v.<br><br>TOUCHTUNES MUSIC CORPORATION,<br><br>                Defendant. | Civil Action No. 14 Civ. 4744 (LAK)<br><br>ECF CASE |

# REPLY MEMORANDUM OF LAW IN SUPPORT OF TOUCHTUNES MUSIC CORPORATION'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

Jamie A. Levitt
Cameron A. Tepfer
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
jlevitt@mofo.com
ctepfer@mofo.com

Attorneys for Defendant
TouchTunes Music Corporation

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................ 1
ARGUMENT .................................................................................................................................. 1
I. PLAINTIFFS HAVE NOT PROPERLY ALLEGED CONSUMER CLAIMS. ................ 1
    A. New York Choice-of-Law Does Not Satisfy New York GBL Requirements. ................................................................................................. 2
    B. The Minimal New York Conduct that Plaintiffs Argue (and Do Not Allege) Does Not Support the New York GBL's Territorial Requirement. .......... 3
    C. Plaintiffs Fail Adequately To Allege TouchTunes Advertised Anything. ............ 5
    D. TouchTunes Represents That Users Will Not Receive Refunds Under Any Circumstance. ................................................................................................. 7
    E. Plaintiffs' Credit-Expiration Allegation Fails to State a Claim. ............................ 8
II. COMMON LAW CLAIMS ARE DEFEATED BY THE TERMS OF USE. ..................... 8
III. PLAINTIFFS' CLAIMS SHOULD BE DISMISSED WITH PREJUDICE. ...................... 9
CONCLUSION ............................................................................................................................. 10

## TABLE OF AUTHORITIES

Page

**CASES**

*4 K & D Corp. v. Concierge Auctions, LLC*,
  2 F. Supp. 3d 525 (S.D.N.Y. 2014) .................................................................................. 2, 3

*Andre Strishak & Assocs., P.C. v. Hewlett Packard Co.*,
  300 A.D.2d 608, 752 N.Y.S.2d 400 (2d Dep't 2002) .......................................................... 5, 6

*Broder v. Cablevision Sys. Corp.*,
  418 F.3d 187 (2d Cir. 2005) ................................................................................................. 8

*Buena Vista Home Entm't v. Wachovia Bank* (*In re Musicland*),
  386 B.R. 428 (S.D.N.Y. 2008),
  *aff'd*, 318 F. App'x 36 (2d Cir. 2009) .................................................................................... 9

*Canestaro v. Raymour & Flanigan Furniture Co.*,
  42 Misc. 3d 1210(A), 984 N.Y.S.2d 630 (Sup. Ct. Erie Cnty. 2013) ...................................... 6

*Chiste v. Hotels.com L.P.*,
  756 F. Supp. 2d 382 (S.D.N.Y. 2010) ................................................................................... 3

*Cruz v. FXDirectDealer, LLC*,
  720 F.3d 115 (2d Cir. 2013) ............................................................................................. 4, 5

*Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*,
  862 F. Supp. 2d 322 (S.D.N.Y. 2012) ................................................................................... 8

*Goshen v. Mut. Life Ins. Co. of New York*,
  98 N.Y.2d 314, 746 N.Y.S.2d 858 (2002) ............................................................. 2, 3 n.4, 4

*Haberkorn v. Marquis Jet Partners, Inc.*,
  No. 11 Civ. 2543 (LAK), 2011 WL 5822281 (S.D.N.Y. Nov. 17, 2011) ................................ 3

*Held v. Macy's, Inc.*,
  25 Misc. 3d 1219(A), 901 N.Y.S.2d 906 (Sup. Ct. Westchester Cnty. Oct. 19, 2009) ............. 7

*In re Merrill Lynch & Co. Research Reports Sec. Litig.*,
  273 F. Supp. 2d 351 (S.D.N.Y. 2003),
  *aff'd sub nom. Lentell v. Merrill Lynch & Co.*, 396 F.3d 161 (2d Cir. 2005) ........................ 10

*Jermyn v. Best Buy Stores, L.P.*,
  256 F.R.D. 418 (S.D.N.Y 2009) ....................................................................................... 6 n.8

*Lenard v. Design Studio*,
  889 F. Supp. 2d 518 (S.D.N.Y. 2012) ................................................................................... 4

*Mon-shore Mgmt., Inc. v. Family Media, Inc.*,
    584 F. Supp. 186 (S.D.N.Y. 1984)..........................................................................2 n.4

*O'Brien v. Nat'l Prop. Analysts Partners*,
    719 F. Supp. 222 (S.D.N.Y. 1989)................................................................................4

*Pelman v. McDonald's Corp.*,
    237 F. Supp. 2d 512 (S.D.N.Y. 2003)...........................................................................6

*Rieger v. Drabinsky* (*In re Livent, Inc. Noteholders Sec. Litig.*),
    151 F. Supp. 2d 371 (S.D.N.Y. 2001)...........................................................................8

*Smith v. Chase Manhattan Bank, USA, N.A.*,
    293 A.D.2d 598, 741 N.Y.S.2d 100 (2d Dep't 2002) ....................................................9

*Southwick Clothing LLC v. GFT (USA) Corp.*,
    No. 99 CV 10452 (GBD), 2004 WL 2914093 (S.D.N.Y. Dec. 15, 2004).................5 n.7

*Taylor v. Am. Bankers Ins. Grp., Inc.*,
    267 A.D.2d 178, 700 N.Y.S.2d 458 (1st Dep't 1999) .............................................6 n.8

*Teachers Ins. & Annuity Ass'n of Am. v. CRIIMI MAE Servs. Ltd. P'ship*,
    681 F. Supp. 2d 501 (S.D.N.Y. 2010),
    *aff'd,* 481 F. App'x 686 (2d Cir. 2012)...................................................................9 n.11

*Ward v. TheLadders.com, Inc.*,
    3 F. Supp. 2d 151 (S.D.N.Y. 2014)................................................................................5

*Webster v. Wells Fargo Bank, N.A.*,
    No. 08 Civ. 10145, 2009 WL 5178654 (S.D.N.Y. Dec. 23, 2009),
    *aff'd sub nom. Webster v. Penzetta*, 458 F. App'x 23 (2d Cir. 2012)..................8 n.10

**STATUTES**

N.Y. Gen. Bus. Law
    § 349..............................................................................................................3 n.4, 6, 7, 8
    § 350..............................................................................................................................6
    § 350-a(1).....................................................................................................................6

Federal Rule of Civil Procedure
    Rule 12(b)(6)...............................................................................................................10

Defendant TouchTunes Music Corporation ("TouchTunes")[1] submits this Reply Memorandum of Law in further support of its motion, and in response to Plaintiffs' Memorandum of Law in Opposition, dated April 2, 2015 ("Opp'n"), for an order dismissing the Second Amended Class Action Complaint, dated January 28, 2015 ("SAC") with prejudice.

## PRELIMINARY STATEMENT

Plaintiffs' SAC failed to cure *any* of the pleading deficiencies identified by this Court when it dismissed Plaintiffs' First Amended Complaint. Nor did the improper allegations of fact Plaintiff raised in its Opposition (<u>not</u> its SAC) cure these infirmities. Plaintiffs' litany of adjectives to describe TouchTunes jukeboxes—"centralized, multi-functional, data-driven, multi-platform, highly-integrated"—does not change the fact that this is still just an age-old gripe that the jukebox did not play their song. Colorful adjectives aside, the SAC must be dismissed with prejudice. First, Plaintiffs do not—and cannot—allege sufficient New York deception or harm to meet the requirements of New York's General Business Law ("GBL"). Second, even if they could allege any New York harm, Plaintiffs have failed to properly allege *any* deceptive conduct or advertising by TouchTunes *anywhere*. Third—and perhaps most important—TouchTunes expressly discloses to users that TouchTunes *will not provide a refund* to users' whose songs do not play "*under any circumstances*." Accordingly, the SAC should be dismissed with prejudice.

## ARGUMENT

### I. PLAINTIFFS HAVE NOT PROPERLY ALLEGED CONSUMER CLAIMS.

Plaintiffs devote much of their Opposition to arguing that TouchTunes' Terms of Use and its New York choice-of-law clause are enforceable. (Opp'n at 11-17.) TouchTunes agrees. Contrary to Plaintiffs repeated assertions, TouchTunes does not dispute that New York law

---

[1] All defined terms have the same meaning as those in TouchTunes' March 3, 2015 Motion to Dismiss.

applies. The specific New York law at issue, New York GBL, *requires* that the allegedly deceptive transactions occurred in New York and Plaintiffs cannot meet that requirement.[2] *See Goshen v. Mut. Life Ins. Co. of New York*, 98 N.Y.2d 314, 325, 746 N.Y.S.2d 858, 864 (2002) ("[T]o qualify as a prohibited act under the statute, the deception of a consumer must occur in New York."). And even though Plaintiffs had the benefit of three complaints on this very point, they still failed to sufficiently plead that any deceptive conduct occurred in New York.

### A. New York Choice-of-Law Does Not Satisfy New York GBL Requirements.

First, Plaintiffs argue that the inclusion of a choice-of-law clause in TouchTunes' Terms of Use—without more—is enough to satisfy New York GBL's territorial requirement.[3] (Opp'n at 12-15.) It is not. *See 4 K & D Corp. v. Concierge Auctions, LLC*, 2 F. Supp. 3d 525, 547-48 (S.D.N.Y. 2014) (dismissing New York GBL claims because "the mere fact that parties agreed to be bound by New York law and to resolve their disputes in courts in New York does not, in itself, provide any indication as to where a transaction occurred"). TouchTunes' Terms of Use, which all parties agree is binding, do not somehow convert wholly out-of-state conduct into in-state conduct for the purposes of New York's GBL. And even with the benefit of time and prior briefing, Plaintiffs have not been able to identify a single case supporting the proposition that a choice-of-law clause alone meets the territoriality requirements of GBL.[4] TouchTunes, on the

---

[2] It is Plaintiffs who seek to avoid New York law by repeatedly ignoring the clear territorial requirements of New York's GBL. Plaintiffs claim that TouchTunes attempts to insulate itself from out-of-state liability, but out-of-state plaintiffs can—and here have—brought claims under other New York laws. Plaintiffs' pleading deficiencies are not due to any deception by TouchTunes; Plaintiffs simply fail to properly plead the claims they could bring.

[3] While Plaintiffs claim that TouchTunes "misleadingly" avoided mentioning its choice of law and forum clause in its first Motion to Dismiss (Opp'n at 11), TouchTunes briefed the issue at length in its December 23, 2014 Reply Memorandum of Law. In that Reply, TouchTunes provided binding precedent demonstrating that a choice-of-law clause alone is insufficient to trigger New York's GBL. Even with the benefit of this precedent and briefing, Plaintiffs chose not to modify their claims to address this deficiency at all in their Second Amended Complaint.

[4] Plaintiffs cite *Mon-shore Mgmt., Inc. v. Family Media, Inc.*, which involves a completely different law, New York Franchise Sales Act, and one that does not have an express territorial requirement. In fact, the Franchise Sales Act was specifically intended to have broad extraterritorial effect. 584 F. Supp. 186, 191 (S.D.N.Y. 1984) ("In enacting the Franchise Sales Act, the Legislature did not attempt to protect only residents of this State, but extended the Act's

- 2 -
ny-1182831

other hand, has cited binding precedent rejecting this proposition. In *4 K & D Corp.*, the court rejected this exact argument: "that the territorial requirement is satisfied based on the fact that [Defendant's] contract . . . contains a choice-of-law provision and a forum-selection clause." 2 F. Supp. 3d at 547. The court dismissed the claims because "[t]here are no allegations in the Amended Complaint . . . that the underlying transaction . . . occurred in New York." *Id.* at 548. Plaintiffs' GBL claims must be dismissed for the same reason, as Plaintiffs concede that all of the transactions here occurred outside of New York. (SAC ¶¶ 88, 95.) *See also Haberkorn v. Marquis Jet Partners, Inc.*, No. 11 Civ. 2543 (LAK), 2011 WL 5822281, at *1 (S.D.N.Y. Nov. 17, 2011) (Kaplan, J.) (rejecting claim that a choice-of-law clause converted an out-of-state transaction into a New York transaction).

Plaintiffs rely—once again—on *Chiste*, to argue that a choice-of-law clause satisfies New York's GBL. (Opp'n at 12-14.) But Plaintiffs continue to misconstrue the decision—conflating *Chiste*'s choice-of-law analysis with the GBL's transaction analysis. In fact, the *Chiste* court determined that GBL did *not* apply to wholly out-of-state conduct, *despite* a New York choice-of-law provision and dismissed the claim. *See Chiste v. Hotels.com L.P.*, 756 F. Supp. 2d 382, 402 (S.D.N.Y. 2010). Here, because any alleged conduct occurred in Montana, Plaintiffs' GBL claims must be dismissed.

### B. The Minimal New York Conduct that Plaintiffs Argue (and Do Not Allege) Does Not Support the New York GBL's Territorial Requirement.

Plaintiffs claim, in their brief and <u>not</u> in their Complaint, that they have GBL claims because TouchTunes "is headquartered in New York," "runs its servers that operate the digital

---

protection to franchisees in other states as well, where offer and/or acceptance took place here, thereby helping to protect and enhance the commercial reputation of the State which, in and of itself, is a legitimate and substantial state interest."). GBL § 349 categorically was not intended to apply that broadly. *See Goshen*, 98 N.Y.2d at 325, 746 N.Y.S.2d at 864 ("To apply the statute to out-of-state transactions in the case before us would lead to an unwarranted expansive reading of the statute, contrary to legislative intent, and potentially leading to the nationwide, if not global application of General Business Law § 349.").

jukeboxes that are accessed throughout the county [sic]" and New York is "where it controls and processes all electronic payments and maintains all user data." (Opp'n at 16.) They are wrong.

First, even though Plaintiffs had ample opportunity to amend, these facts were not pled in their SAC. The SAC contains no allegations regarding from where TouchTunes runs its servers or where TouchTunes maintains user data. As TouchTunes noted in its first motion to dismiss, amendment via brief is not permitted under the Federal Rules. *See, e.g.*, *O'Brien v. Nat'l Prop. Analysts Partners*, 719 F. Supp. 222, 229 (S.D.N.Y. 1989) ("[I]t is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss."). Thus, Plaintiffs' improper brief-based allegations should be disregarded.

Moreover, even if these allegations had been pled in the SAC, Plaintiffs would still fail to allege that the deceptive transactions at issue occurred in New York. *See Lenard v. Design Studio*, 889 F. Supp. 2d 518, 530 (S.D.N.Y. 2012) (dismissing GBL claims because "the plaintiff must also allege that the deceptive acts complained of took place within the State of New York"). Even accepting the SAC allegations as true, the deceptive acts complained of—that plaintiffs purchased songs and did not hear them play—all occurred in Montana. And if brief-based statements about the location of headquarters and servers, and the processing of payments in New York were considered, Plaintiffs still would not satisfy GBL requirements. *See Goshen*, 98 N.Y.2d at 321, 746 N.Y.S.2d at 861 (dismissing GBL claims even though "[d]efendants have extensive ties to New York and conduct business in the state").

The cases Plaintiffs cite in their Opposition provide examples of the territorial allegations absent here. In *Cruz v. FXDirectDealer, LLC*, plaintiff alleged that certain risks were not disclosed in a customer agreement form. 720 F.3d 115 (2d Cir. 2013). The court held that plaintiff met GBL's territorial requirement because defendant required that the form at issue be

sent to its New York office, and "requires that all customer communications . . . be sent to its New York office." *Id*. at 122-24. In *Ward v. TheLadders.com, Inc.*, plaintiffs alleged that "[t]he defendant operated a website in New York," "maintained its bank account in New York," and that the complained of communications and transactions "including the registration, cancellation, review of website materials, and various monetary transactions" occurred in New York. 3 F. Supp. 2d 151, 168 (S.D.N.Y. 2014). But here, Plaintiffs failed to allege that any deceptive act, practice, or advertisement occurred in New York.

### C. Plaintiffs Fail Adequately To Allege TouchTunes Advertised Anything.

Plaintiffs argue that TouchTunes offers and advertises "pay-for-play" service and fails to deliver this service or refund customers when it is not delivered.[5] But, while the SAC recites "pay-for-play" twenty-seven times, Plaintiffs provide *no* example of its use in the SAC. In briefing (and *not* the SAC), Plaintiffs cite (but do not quote) one line from TouchTunes' website in the company overview section: "Our innovation story began in 1998 with the release of the world's first pay-for-play digital jukebox and since then, we have transformed into a multi-application platform offering a variety of engaging and interactive experiences . . . ."[6] Even if this Court considered this single example raised outside the SAC, the phrase does not represent anything about the service TouchTunes offers.[7] And the phrase does not represent a guarantee that every song choice will play or promise to refund a user if a song is not played. *See Andre Strishak & Assocs., P.C. v. Hewlett Packard Co.*, 300 A.D.2d 608, 609, 752 N.Y.S.2d 400, 403

---

[5] Plaintiffs appear to claim that by providing "jukebox" services, TouchTunes represents that a user will get a refund if their song choice does not play. (Opp'n at 17-18.) Much like their "pay-for-play" allegations, Plaintiffs provide no specific offer or advertisement to support this claim. Plaintiffs argue "pay-for-play" is "the most basic understanding of the function [sic] a 'jukebox'" performs. (*Id*. at 17.) But, as Plaintiffs concede, that "basic understanding" does not include any representation that a user will get a refund if her song does not play. (*Id*.)

[6] (*See* TouchTunes Overview, http://www.TouchTunes.com/about/overview/ (last visited April 16, 2015).)

[7] Plaintiffs—once again—improperly raise this "allegation" in their Opposition and not the SAC. *See Southwick Clothing LLC v. GFT (USA) Corp.*, No. 99 CV 10452 (GBD), 2004 WL 2914093, at *6 (S.D.N.Y. Dec. 15, 2004) ("A complaint cannot be amended merely by raising new facts and theories in plaintiffs' opposition papers, and hence such new allegations and claims should not be considered in resolving the motion.").

(2d Dep't 2002) (dismissing §§ 349 and 350 claims where alleged misleading statement "did not provide any description" of offered product). Plaintiffs have not identified any TouchTunes advertisement or offer describing its services as "pay-for-play" and neither Plaintiff claims to ever have even seen the phrase "pay-for-play." And while Plaintiffs attempt to distinguish their conclusory allegations from those dismissed by the decisions that TouchTunes cites, they have not provided a single decision *permitting* such threadbare generalities to survive.

The pleading deficiency is even more glaring with the § 350 false advertising claim. Section 350 covers "advertising, including labeling, of a commodity . . . if such advertising is misleading in a material respect . . . ." N.Y. Gen. Bus. Law § 350-a(1). Even after this Court specifically found that "[t]here are no allegations of any specific advertising by TouchTunes in New York or anywhere else, thus raising serious questions as to whether the GBL Section 350 claims are sufficient." (Memorandum & Order, January 7, 2015, ECF No. 18. at 3.) Plaintiffs have not amended their allegations to identify *any* advertising—let alone any false advertising. And "[i]t is axiomatic that 'without advertisements related to the issue at hand . . . Plaintiffs have failed to state a claim for false advertising under Gen. Bus. L. § 350.'" *Canestaro*, 42 Misc. 3d 1210(A), 984 N.Y.S.2d 630 (quoting *Anunziatta v. Orkin Exterminating Co.,* 180 F. Supp. 2d 353, 362–63 (N.D.N.Y. 2001)).[8] Because "[t]he Complaint does not identify a single specific advertisement, promotion or statement," the claims must be dismissed. *See Pelman v. McDonald's Corp.*, 237 F. Supp. 2d 512, 530 (S.D.N.Y. 2003).

---

[8] Plaintiffs have not provided any support for the novel contention that a false advertising claim is viable without any advertisements. In the cases Plaintiffs cite for the proposition that courts have permitted "general practice" suits under § 350, the general practice was *advertising*. (Opp'n at 23). For example, in *Jermyn v. Best Buy Stores, L.P.*, the general practice at issue was "Best Buy's *advertisements* about its price match guarantee." 256 F.R.D. 418, 436 (S.D.N.Y 2009) (emphasis added).) In *Taylor v. Am. Bankers Ins. Grp., Inc.*, the general practice at issue was the defendant's deceptive *advertising* of insurance coverage. 267 A.D.2d 178, 700 N.Y.S.2d 458 (1st Dep't 1999). And in both cases, plaintiffs actually managed to produce advertisements. *Jermyn*, 256 F.R.D. at 424 ("Best Buy advertises its price match guarantee in its Sunday circular advertising."); *Taylor*, 267 A.D.2d at 178 (where defendant "offer[ed], in prominent print, ostensibly easily available credit insurance coverage").

### D. TouchTunes Represents That Users Will Not Receive Refunds Under Any Circumstance.

The representation that TouchTunes expressly does make—and Plaintiffs ignore—is that no refund will be offered *for any reason*.[9] While Plaintiffs accuse TouchTunes of seeking "piecemeal enforcement" of its Terms of Use (Opp'n at 12), it is Plaintiffs who ignore the clear (and, as Plaintiffs concede, binding) disclaimers in the Terms of Use. TouchTunes clearly notifies users: "You should be aware that we do not offer refunds for pay services *under any circumstances*, including if a song that you requested fails to play or if credits that you transfer to a jukebox are lost or expire." (Barry Decl., Ex. B at 5) (emphasis added). While Plaintiffs repeatedly argue in their Opposition that TouchTunes' Terms of Use only disclaims refunds for factors beyond TouchTunes' control (Opp'n at 2, 20, 21), in reality the language draws no distinction between instances within or beyond TouchTunes' control. It makes clear to users that the service offered by TouchTunes does *not* include refunds "*under any circumstances*."

Plaintiffs take the surprising position that while TouchTunes expressly disclosed that users would not receive a refund *under any circumstances*, TouchTunes Terms of Use is deceptive in that it does not specify each and every circumstance in which a user might not receive a refund. Even better, TouchTunes informs users that they will not receive a refund under <u>any</u> circumstances. Regardless of why their song choice may not play, TouchTunes users cannot reasonably expect a refund. *See Held v. Macy's, Inc.*, 25 Misc. 3d 1219(A), 901 N.Y.S.2d 906 (Sup. Ct. Westchester Cnty. Oct. 19, 2009) (dismissing GBL 349 claim where "[w]hile it is true that the coupon did not specifically address what would happen in the event of a return of some or all of the merchandise purchased, what was made clear is that no matter what

---

[9] Plaintiffs repeatedly claim that TouchTunes possesses instantaneous knowledge that a song is not played and the ability to immediately provide a refund. (Opp'n at 6, 7.) Even if this were true—and it is not, particularly with cash users—it is completely beside the point. TouchTunes expressly discloses that it will not provide refunds regardless of the reason.

happened, the consumer was not going to get a credit on his/her credit card"). Furthermore, Plaintiffs do not even allege that they sought and were denied a refund.

### E. Plaintiffs' Credit-Expiration Allegation Fails to State a Claim.

Plaintiffs' credit-expiration allegation is even more infirm. First, despite an opportunity to replead, neither of the named plaintiffs alleges that their credits expired and thus neither has standing to bring these claims. *See*, *e.g.*, *Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*, 862 F. Supp. 2d 322, 331-32 (S.D.N.Y. 2012) ("For each claim asserted in a class action, there must be at least one class representative (a named plaintiff or a lead plaintiff) with standing to assert that claim. . . . Other claims . . . must be dismissed."). Further, these claims fail because Plaintiffs allege no deception independent of federal and state laws and thus do "not make a free-standing claim of deceptiveness under GBL § 349." *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 200 (2d Cir. 2005) (dismissing GBL § 349 claims). Finally, facts can only be accepted as true if well pled. *See Rieger v. Drabinsky* (*In re Livent, Inc. Noteholders Sec. Litig.*), 151 F. Supp. 2d 371, 405-06 (S.D.N.Y. 2001) ("[A] court need not feel constrained to accept as truth conflicting pleadings … that are contradicted either by statements in the complaint itself or by documents upon which its pleadings rely, or by facts of which the court may take judicial notice."). Here TouchTunes provided evidence in Plaintiffs' possession that its Terms of Use and App inform users that their credits expire and when their credits will expire.[10] Thus, Plaintiffs' conclusory allegations contrary to known facts must be disregarded.

### II. COMMON LAW CLAIMS ARE DEFEATED BY THE TERMS OF USE.

Plaintiffs' common law claims for breach of the covenant of good faith and fair dealing

---

[10] While Plaintiffs object to this evidence, a court may consider "documents [that] Plaintiffs possessed or knew of when bringing suit," *Webster v. Wells Fargo Bank, N.A.*, No. 08 Civ. 10145, 2009 WL 5178654, at *1 n.2 (S.D.N.Y. Dec. 23, 2009), *aff'd sub nom. Webster v. Penzetta*, 458 F. App'x 23 (2d Cir. 2012), and Plaintiffs claim that they conducted "an exhaustive analysis and field testing of the TouchTunes user platform." (SAC at 1.)

and unjust enrichment are inconsistent with and thus barred by the express language of the Terms of Use. Plaintiffs claim that TouchTunes breached the duty of good faith and fair dealing when it failed to disclose that TouchTunes "permits the skipping or other not playing paid-for songs, while retaining consumers' funds and not refunding payments or restoring credits." (Opp'n at 30.) Similarly, Plaintiffs claim that TouchTunes was unjustly enriched when Plaintiffs "paid to play a song and it was not played or was skipped and no refund or restoration of credit was received." (*Id*. at 33.)[11] But TouchTunes' Terms of Use—which Plaintiffs concede is a binding contract (Opp'n at 8)—expressly discloses that a user's song choice may not play, and, regardless of why a song may not play, TouchTunes clearly notifies users that it does not offer refunds "under any circumstances." (Barry Decl., Ex. B at 5.) Plaintiffs cannot rewrite the Terms of Use to reflect a promise for which neither users nor TouchTunes bargained. *See Buena Vista Home Entm't v. Wachovia Bank* (*In re Musicland*), 386 B.R. 428, 438 (S.D.N.Y. 2008) ("The duty of good faith and fair dealing is a tool of interpretation that cannot be used to rewrite a contract and impose new terms."), *aff'd*, 318 F. App'x 36 (2d Cir. 2009). Similarly, Plaintiffs' unjust enrichment claim fails because they paid for a service that did not come with guarantees or refunds. *See Smith v. Chase Manhattan Bank, USA, N.A.*, 293 A.D.2d 598, 600, 741 N.Y.S.2d 100, 103 (2d Dep't 2002) (dismissing unjust enrichment claims where there was "no allegation that the benefits received were less than what these purchasers bargained for").

## III. PLAINTIFFS' CLAIMS SHOULD BE DISMISSED WITH PREJUDICE.

When it granted TouchTunes' Motion to Dismiss, this Court gave Plaintiffs leave to amend their Complaint again to allow Plaintiffs "a final opportunity to put their best foot

---

[11] Plaintiffs concede that their unjust enrichment claim is made in the alternative, in the event that the Terms of Use are found to be invalid. Because both parties agree the Terms of Use is a binding legal contract (SAC ¶ 33), the unjust enrichment claim must be dismissed. *See Teachers Ins. & Annuity Ass'n of Am. v. CRIIMI MAE Servs. Ltd. P'ship*, 681 F. Supp. 2d 501, 512 (S.D.N.Y. 2010) (Kaplan, J.) (dismissing unjust enrichment claims where a contract governed the subject matter of the claim), *aff'd,* 481 F. App'x 686 (2d Cir. 2012).

forward" with TouchTunes' motion as their guide. (Memorandum & Order, January 7, 2015, ECF No. 18, at 3.) Plaintiffs ignored this Court's guidance and failed to cure any of their pleading deficiencies. Plaintiffs, who used TouchTunes jukeboxes in Montana cannot allege they were deceived and suffered harm in New York. They cannot identify any specific "pay-for-play" offers or advertisements by TouchTunes, let alone any they actually observed, and they cannot overcome the clear and express disclosures in TouchTunes' Terms of Use. Any further amendment would be futile. *See In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 273 F. Supp. 2d 351, 390 (S.D.N.Y. 2003) ("[P]laintiffs have no right to a second amendment . . . where, as here, they had ample opportunity to craft their complaints and were advised by the Court, prior to amending their complaints, of certain pleading deficiencies and what the Court would require."), *aff'd sub nom. Lentell v. Merrill Lynch & Co.*, 396 F.3d 161 (2d Cir. 2005).

## CONCLUSION

TouchTunes respectfully requests that this Court dismiss the Second Amended Complaint in its entirety with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated: April 17, 2015

MORRISON & FOERSTER LLP

*(signature)*

Jamie A. Levitt
Cameron A. Tepfer
250 West 55th Street
New York, NY 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
jlevitt@mofo.com
ctepfer@mofo.com

*Attorneys for Defendant*
*TouchTunes Music Corporation*