UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
MICHELLE CLINE, et ano.,

                    Plaintiffs,

         -against-                              14-cv-4744 (LAK)

TOUCHTUNES MUSIC CORPORATION,

                    Defendant.
------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/6/15

## ORDER

LEWIS A. KAPLAN, *District Judge.*

       Plaintiffs and defendant each shall file, on or before May 21, 2015, an additional memorandum of law (not to exceed 15 pages) addressing the following matters:

       1.     The second amended complaint ("SAC") alleges that the Terms of Use (Barry Decl. Ex. B), which plaintiffs characterize as an "agreement" and upon which both sides appear to rely in certain respects, was "accessible on both the App and the physical jukebox." SAC ¶ 33. It does not allege, however, that users of either or both were compelled to assent to its terms in order to use any of defendant's services or that either plaintiff assented to its terms by any means.

       Do the allegations of the SAC sufficiently allege the existence of (a) any contract, or (b) a contract the terms of which are the Terms of Use attached to the Barry declaration, in each case between either of the plaintiffs and the defendant?

       2.     Section 12 of the Terms of Use, to which both sides refer in different ways, states in its entirety (with emphasis added):

> **12. Governing Law / Entire Agreement**
>
> You agree that *any dispute* between you and TouchTunes will be governed by the law of the State of New York, without giving effect to any principles of conflicts of law, *as if entered into by residents of New York and fully performed therein*, and that any legal action brought by one party against the

2

other will be brought in the courts of the City of New York, New York.

Unless otherwise specified herein, these Terms constitute the entire agreement between you and TouchTunes and governs your use of my TouchTunes, superseding any prior or contemporaneous communications and proposals in any form between you and TouchTunes. If any part of this Terms of Use agreement is determined to be invalid or unenforceable, then the invalid or unenforceable provision will be deemed superseded by a valid, enforceable provision that most closely matches the intent of the original provision, and the remainder of the Terms of Use shall remain in effect.

Plaintiffs would have the Court read the first paragraph of Section 12 as making the provisions of N.Y. Gen. Bus. L. §§ 349-50 applicable to alleged deception of plaintiffs that—at least to the extent that deception involves formation, on the part of the person deceived, of a state of mind that in one way or another does not conform to the true facts—occurred where the plaintiffs were physically located, in this case in Montana and North Dakota. They seek that result by asserting that they have disputes with defendant concerning their use of the TouchTunes service and that each of those disputes comes within the phrase "any dispute" as used in Section 12, and then asserting that their disputes must be decided under the provisions of the General Business Law. Even assuming that an appropriate governing law clause could have such an effect, it is not clear that Section 12 is properly so construed.

The phrase "any dispute" must be read in the context of Section 12 as a whole. Section 12 does not refer only to "any dispute." It applies New York law to "any dispute" "as if entered into by residents of New York and fully performed therein." So it is necessary to make sense of that entire sentence, not just to the fragment upon which plaintiffs rely.

The Court supposes that the sentence might make sense if it said, in relevant part, that New York law governs "any dispute between you and TouchTunes . . . as if entered into by residents of New York, and that any legal action brought by one party against the other will be brought in the courts of the City of New York, New York" – thus omitting the words "and fully performed therein." If that latter phrase were omitted, one perhaps could say, reasonably, that the point of the clause would be to apply New York law as if the disputants were New York residents, though the wording would be quite unusual because we do not normally speak of disputes "entered into" by particular persons. But the inclusion of the phrase "and fully performed therein" seems to make any such reading implausible and unreasonable. The entire phrase "as if entered into by residents of New York and fully performed therein" modifies the phrase "any dispute." And while one perhaps might speak reasonably of disputes entered into as if the disputes were entered into by New York residents, the same cannot be said of disputes "fully performed therein."

So the Court is inclined to the view that the only reasonable reading of Section 12's governing law clause is that it applies to "any dispute" arising out of the Terms of Use and specifies that New York law would govern any *such dispute* as if the Terms of Use had been entered into by New York residents and fully performed in the State of New York. This view may

3

draw support also from the heading "Governing Law / Agreement," which perhaps reinforces a construction of Section 12 as applying to the law governing disputes arising out of the Terms of Use. And indeed, it seems reasonably clear from the wording of Section 12 that it reflects a scrivener's error – the omission following the words "any dispute" of the phrase "arising out of these Terms of Use."

The parties memoranda therefore shall address the following additional questions:

    (a)    Does Section 12 unambiguously support the construction that Section 12's governing law provision applies to any dispute arising out of the Terms of Use?

    (b)    If so, which if any of plaintiffs' claims arise out of the Terms of Use?

    (c)    Is there any reasonable construction of Section 12 that is consistent with plaintiffs' argument? If so, what is it?

    (d)    If Section 12 were not construed as applying only to any dispute arising out of the Terms of Use, is the governing law clause unenforceable for indefiniteness and/or may the Court supply "a valid, enforceable provision that most closely matches the intent of the original provision" as provided in the second paragraph of Section 12?

SO ORDERED.

Dated:    May 6, 2015

_____
Lewis A. Kaplan
United States District Judge