UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHELLE CLINE and KELLY ENGSTROM, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TOUCHTUNES MUSIC CORPORATION,<br><br>Defendant. | Civil Action No. 14 Civ. 4744 (LAK)<br><br>ECF CASE |

## DEFENDANT TOUCHTUNES' ANSWER TO
## PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant TouchTunes Music Corporation ("TouchTunes") responds as follows to each

numbered paragraph of Plaintiffs' Second Amended Complaint, dated January 28, 2015 (the

"Amended Complaint").  For convenience and clarity, TouchTunes has repeated the section

headings of the Amended Complaint, but does not admit that those headings are an accurate or

fair representation of the conduct alleged in the Amended Complaint.  On September 29, 2016,

the Court issued an Opinion and Order granting in part TouchTunes' March 3, 2015 Motion to

Dismiss the Second Amended Complaint and dismissing the vast majority of Plaintiffs' claims.

*See* Memorandum Opinion, 14 Civ. 4744 (LAK), ECF No. 31 (S.D.N.Y. Sept. 29, 2016) (the

"September 29, 2016 Order").  Accordingly, TouchTunes' responses only pertain to those

allegations in the Amended Complaint that were not dismissed by the September 29, 2016 Order

and only to those allegations made on behalf of the sole remaining Plaintiff, Michelle Cline.

ny-1158414

**NATURE OF THE ACTION**

1.      Paragraph 1 states conclusions of law purporting to be allegations of fact and no response is therefore required.  To the extent a response is required, TouchTunes denies the allegations in Paragraph 1.

2.      TouchTunes admits that it operates the largest in-venue interactive music and entertainment platform.  TouchTunes denies all remaining allegations in Paragraph 2.

3.      TouchTunes admits the allegations in Paragraph 3.

4.      TouchTunes admits the allegations in Paragraph 4.

5.      The allegations in Paragraph 5, including the allegations in Paragraph 5(b), 5(c), 5(d), and 5(e) were dismissed by this Court's September 29, 2016 Order and no response is therefore required.  Further, the allegations in Paragraph 5 state conclusions of law purporting to be allegations of fact and no response is therefore required.  To the extent a response is required, TouchTunes denies the allegations in Paragraph 5.

6.      The allegations in Paragraph 6 state conclusions of law purporting to be allegations of fact and no response is therefore required.  To the extent a response is required, TouchTunes denies the allegations in Paragraph 6.

7.      The allegations in Paragraph 7 state conclusions of law purporting to be allegations of fact and no response is therefore required.  To the extent a response is required, TouchTunes denies the allegations in Paragraph 7.

8.      The allegations in Paragraph 8 were dismissed by this Court's September 29, 2016 Order and no response is therefore required.

9.      The allegations in Paragraph 9 state conclusions of law purporting to be allegations of fact and no response is therefore required.  To the extent a response is required, TouchTunes denies the allegations in Paragraph 9.

10.     The allegations in Paragraph 10 state conclusions of law purporting to be allegations of fact and no response is therefore required.  To the extent a response is required, TouchTunes denies that this Court has diversity subject-matter jurisdiction pursuant to the Class Action Fairness Act of 2005 (CAFA) because Plaintiffs' proposed class cannot meet the requirements of CAFA.

11.      The allegations in Paragraph 11 state conclusions of law purporting to be allegations of fact and no response is therefore required.  To the extent a response is required, TouchTunes denies that Plaintiffs' action satisfies CAFA's jurisdictional requirements because Plaintiffs' proposed class cannot meet the jurisdictional requirements of CAFA.

12.     The allegations in Paragraph 12 state conclusions of law purporting to be allegations of fact and no response is therefore required.  To the extent a response is required, TouchTunes admits that it is headquartered in the State of New York and denies all remaining allegations in Paragraph 12.

13.     The allegations in Paragraph 13 state conclusions of law purporting to be allegations of fact and no response is therefore required.  To the extent a response is required, TouchTunes admits that venue is proper in the Southern District of New York, that TouchTunes is headquartered in this District, that it maintains offices in this District, and denies all remaining allegations in Paragraph 13.

14.     The allegations in Paragraph 14 state conclusions of law purporting to be allegations of fact and no response is therefore required.  To the extent a response is required,

ny-1250622

TouchTunes refers to its Terms of Use agreement for the full terms and legal effect thereof and denies the allegations to the extent they are inconsistent therewith.

15.     The allegations in Paragraph 15 state conclusions of law purporting to be allegations of fact and no response is therefore required.  To the extent a response is required, TouchTunes refers to its Terms of Use agreement for the full terms and legal effect thereof and denies the allegations to the extent they are inconsistent therewith.

16.     The allegations in Paragraph 16 state conclusions of law purporting to be allegations of fact and no response is therefore required.  To the extent a response is required, TouchTunes denies that the conduct alleged by Plaintiff Cline occurred in New York sufficient for New York law to apply.

**PARTIES**

17.     TouchTunes lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.

18.     Plaintiff Kelly Engstrom's claims were dismissed by the September 29, 2016 Order and no response is therefore required.

19.     TouchTunes admits that it is a Delaware corporation that maintains its headquarters and principal place of business in New York, New York, that it is a registered foreign business corporation operating in the state of New York, and that it maintains an office at 850 Third Avenue, Suite 15C, New York, New York 10022.   The last sentence of Paragraph 19 states a conclusion of law purporting to be an allegation of fact, and no response is therefore required.  To the extent a response is required, TouchTunes denies the allegation in the last sentence of Paragraph 19.

ny-1250622

## CLASS ACTION ALLEGATIONS

20.     TouchTunes admits that Plaintiffs purport to bring a class action under Rule 23(a) and 23(b)(3) as described in Paragraph 20.

21.     TouchTunes admits that Plaintiffs purport to bring a class action under Rule 23(a) and 23(b)(3) as described in Paragraph 21, but avers that the claims of the "Cash Subclass" referred to in Paragraph 21(b) were dismissed by the September 29, 2016 Order.

22.     TouchTunes admits that Plaintiffs purport to bring a class action under Rule 23(a) and 23(b)(3) as described in Paragraph 22, but avers that the credit expiration claims referenced in Paragraph 22 were dismissed by the September 29, 2016 Order.

23.     The allegations in Paragraph 23 state conclusions of law purporting to be allegations of fact and no response is therefore required.  To the extent a response is required, TouchTunes denies the allegations in Paragraph 23.

24.     The allegations in Paragraph 24 state conclusions of law purporting to be allegations of fact and no response is therefore required.  To the extent a response is required, TouchTunes lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24.

25.     The allegations in Paragraph 25 state conclusions of law purporting to be allegations of fact and no response is therefore required.  To the extent a response is required, TouchTunes denies the allegations in Paragraph 25.

26.     The allegations in Paragraph 26 state conclusions of law purporting to be allegations of fact and no response is therefore required.  To the extent a response is required, TouchTunes denies the allegations in Paragraph 26.

ny-1250622

27.      The allegations in Paragraph 27 state conclusions of law purporting to be allegations of fact and no response is therefore required.  Further, the allegations in Paragraph 27(b), (c), (d), (e), (f), and (g) were dismissed by the September 29, 2016 Order and no response is therefore required.  To the extent a response is required, TouchTunes denies the allegations in Paragraph 27.

28.      The allegations in Paragraph 28 state conclusions of law purporting to be allegations of fact and no response is therefore required.  To the extent a response is required, TouchTunes denies the allegations in Paragraph 28.

29.      The allegations in Paragraph 29 state conclusions of law purporting to be allegations of fact and no response is therefore required.  To the extent a response is required, TouchTunes denies the allegations in Paragraph 29.

30.      The allegations in Paragraph 30 state conclusions of law purporting to be allegations of fact and no response is therefore required.  To the extent a response is required, TouchTunes denies the allegations in Paragraph 30.

**FACTUAL ALLEGATIONS**

31.      TouchTunes admits that it is the largest in-venue interactive music and entertainment platform.  TouchTunes denies that it represents itself to offer "pay-for-play" digital jukebox services.

32.      In response to the allegations in the first sentence of Paragraph 32, TouchTunes refers to its website for the full terms and legal effect thereof and denies the allegations to the extent they are inconsistent therewith.  TouchTunes denies the remaining allegations in Paragraph 32.

ny-1250622

33.     TouchTunes admits that its Terms of Use agreement is accessible on both its mobile App and physical jukeboxes.  As to the remaining allegations in Paragraph 33, TouchTunes refers to its Terms of Use for the full terms and legal effect thereof and denies the allegations to the extent they are inconsistent therewith.

34.     TouchTunes admits the allegations in Paragraph 34.

35.     TouchTunes admits that its jukeboxes permit consumers to pay for credits by cash or credit card that can be redeemed for song selections.  TouchTunes lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35.

36.     TouchTunes admits the allegations in Paragraph 36.

37.     The allegations in Paragraph 37 state conclusions of law purporting to be allegations of fact and no response is therefore required.  To the extent a response is required, TouchTunes denies the allegations in Paragraph 37.

38.     The allegations in Paragraph 38 state conclusions of law purporting to be allegations of fact and no response is therefore required.  To the extent a response is required, TouchTunes denies the allegations in Paragraph 38.

**App Users**

39.     TouchTunes admits the allegations in Paragraph 39.

40.     TouchTunes admits the allegations in Paragraph 40.

41.     TouchTunes admits that downloading its mobile App is free through iTunes, that a consumer can make song selections using the App by creating an account using an email address, that to purchase a song a consumer is required to enter debit or credit billing information, and that the consumer can then select a set number of credits which can be

redeemed for song selections also made on the App.  TouchTunes denies that it stores users'

debit or credit card billing information.  TouchTunes lacks knowledge or information sufficient

to form a belief as to the truth of the remaining allegations contained in Paragraph 41.

42.     TouchTunes admits the allegations in Paragraph 42 during the Class Period as

defined in the Amended Complaint.

43.     TouchTunes admits that purchased credits are not redeemed until those credits are

assigned to a venue and a song is selected.  TouchTunes denies the remaining allegations in

Paragraph 43.

44.     The allegations in Paragraph 44 state conclusions of law purporting to be

allegations of fact and no response is therefore required.  To the extent a response is required,

TouchTunes denies the allegations in Paragraph 44.

**Misrepresentation to App Users**

45.     TouchTunes admits that, during the Class Period as defined in the Amended

Complaint, if a song did not play the App could inform users that the song did not play for

certain reasons and under certain circumstances.  TouchTunes denies that, during the Class

Period as defined in the Amended Complaint, the App would inform users that their song did not

play for any reason whatsoever.

46.     TouchTunes denies the allegations in Paragraph 46.

47.     TouchTunes denies the allegations in Paragraph 47.

48.     TouchTunes denies the allegations in Paragraph 48.

49.     TouchTunes denies the allegations in Paragraph 49.

50.     TouchTunes denies the allegations in Paragraph 50.

51.     TouchTunes lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51.

52.     TouchTunes admits the allegations in Paragraph 52.

53.     TouchTunes lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53.

54.     TouchTunes refers to the Remote Control User's Guide for the full terms and legal effect thereof and denies the allegations in Paragraph 54 to the extent they are inconsistent therewith.

55.     TouchTunes denies the allegations in Paragraph 55.

56.     TouchTunes denies the allegations in Paragraph 56.

57.     TouchTunes refers to the remote control and Remote Control User's Guide for the full terms and legal effect thereof and denies the allegations in Paragraph 57 to the extent they are inconsistent therewith.

58.     TouchTunes lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58.

59.     TouchTunes denies the allegations in Paragraph 59.

60.     TouchTunes denies the allegations in Paragraph 60.

61.     TouchTunes denies the allegations in Paragraph 61.

62.     TouchTunes denies the allegations in Paragraph 62.

63.     TouchTunes denies the allegations in Paragraph 63.

**Unlawful Expiration of Credits**

64.     The September 29, 2016 Order dismissed all claims related to the allegedly unlawful expiration of credits and therefore no response is required.

65.     The September 29, 2016 Order dismissed all claims related to the allegedly unlawful expiration of credits and therefore no response is required.

66.     The September 29, 2016 Order dismissed all claims related to the allegedly unlawful expiration of credits and therefore no response is required.

67.     The September 29, 2016 Order dismissed all claims related to the allegedly unlawful expiration of credits and therefore no response is required.

68.     The September 29, 2016 Order dismissed all claims related to the allegedly unlawful expiration of credits and therefore no response is required.

69.     The September 29, 2016 Order dismissed all claims related to the allegedly unlawful expiration of credits and therefore no response is required.

70.     The September 29, 2016 Order dismissed all claims related to the allegedly unlawful expiration of credits and therefore no response is required.

71.     The September 29, 2016 Order dismissed all claims related to the allegedly unlawful expiration of credits and therefore no response is required.

72.     The September 29, 2016 Order dismissed all claims related to the allegedly unlawful expiration of credits and therefore no response is required.

73.     The September 29, 2016 Order dismissed all claims related to the allegedly unlawful expiration of credits and therefore no response is required.

**The Misleading Terms of Use Agreement**

74.     TouchTunes admits that its Terms of Use agreement is binding on App and Non-App users when they begin using TouchTunes' services.  TouchTunes denies that its App and Non-App users do not expressly consent to its Terms of Use agreement by using TouchTunes' services.

ny-1250622

75.     TouchTunes refers to its Terms of Use agreement for the full terms and legal effect thereof and denies the allegations to the extent they are inconsistent therewith.

76.     TouchTunes denies the allegations in Paragraph 76.

77.     TouchTunes refers to its Terms of Use agreement for the full terms and legal effect thereof and denies the allegations to the extent they are inconsistent therewith.

78.     With respect to the allegation in the first sentence of Paragraph 78, TouchTunes refers to its Terms of Use agreement for the full terms and legal effect thereof and denies the allegations to the extent they are inconsistent therewith.  TouchTunes denies the remaining allegations in Paragraph 78.

79.     Paragraph 79 states conclusions of law purporting to be allegations of fact and no response is therefore required.  To the extent a response is required, TouchTunes denies the allegations in Paragraph 79.

80.     TouchTunes denies the allegations in Paragraph 80.

81.     Paragraph 81 states conclusions of law purporting to be allegations of fact and no response is therefore required.  To the extent a response is required, TouchTunes denies the allegations in Paragraph 81.

82.     Paragraph 82 states conclusions of law purporting to be allegations of fact and no response is therefore required.  To the extent a response is required, TouchTunes denies the allegations in Paragraph 82.

83.     Paragraph 83 states conclusions of law purporting to be allegations of fact and no response is therefore required.  To the extent a response is required, TouchTunes denies the allegations in Paragraph 83.

ny-1250622

84.     The September 29, 2016 Order dismissed all claims related to the allegedly unlawful expiration of credits and therefore no response is required.

85.     The September 29, 2016 Order dismissed all claims related to TouchTunes' alleged advertising of "pay-for-play" services and therefore no response is required.  To the extent a response is required, TouchTunes denies the allegations in Paragraph 85.

86.     The September 29, 2016 Order dismissed all claims related to TouchTunes' alleged advertising of "pay-for-play" services and therefore no response is required.  To the extent a response is required, TouchTunes denies the allegations in Paragraph 86.

**Plaintiffs and Class Members**

87.     Paragraph 87 states conclusions of law purporting to be allegations of fact and no response is therefore required.  To the extent a response is required, TouchTunes denies the allegations in Paragraph 87.

88.     TouchTunes lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88.

89.     TouchTunes lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89.

90.     TouchTunes lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90.

91.     The September 29, 2016 Order dismissed all claims for Plaintiffs who purchased TouchTunes' services using cash and therefore no response is required.

92.     TouchTunes lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92.

ny-1250622

93.     TouchTunes lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93.

94.     TouchTunes lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94.

95.     The September 29, 2016 Order dismissed all claims made on behalf of Plaintiff Kelly Engstrom and therefore no response is required.

96.     The September 29, 2016 Order dismissed all claims made on behalf of Plaintiff Kelly Engstrom and therefore no response is required.

97.     The September 29, 2016 Order dismissed all claims made on behalf of Plaintiff Kelly Engstrom and therefore no response is required.

98.     The September 29, 2016 Order dismissed all claims made on behalf of Plaintiff Kelly Engstrom and therefore no response is required.

99.     The September 29, 2016 Order dismissed all claims made on behalf of Plaintiff Kelly Engstrom and therefore no response is required.

100.    The September 29, 2016 Order dismissed all claims made on behalf of Plaintiff Kelly Engstrom and therefore no response is required.

101.    The September 29, 2016 Order dismissed all claims made on behalf of Plaintiff Kelly Engstrom and therefore no response is required.

102.    Paragraph 102 states conclusions of law purporting to be allegations of fact and no response is therefore required.  To the extent a response is required, TouchTunes denies the allegations in Paragraph 102.

## **COUNT I**

ny-1250622

103.    TouchTunes repeats and restates its responses to Paragraphs 1 through 102 as if fully set forth herein.

104.    Paragraph 104 states conclusions of law purporting to be allegations of fact and no response is therefore required.  To the extent a response is required, TouchTunes denies the allegations in Paragraph 104.

105.    Paragraph 105 states conclusions of law purporting to be allegations of fact and no response is therefore required.  To the extent a response is required, TouchTunes denies the allegations in Paragraph 105.

106.    Paragraph 106 states conclusions of law purporting to be allegations of fact and no response is therefore required.  To the extent a response is required, TouchTunes denies the allegations in Paragraph 106.

107.    Paragraph 107 states conclusions of law purporting to be allegations of fact and no response is therefore required.  To the extent a response is required, TouchTunes denies the allegations in Paragraph 107.

108.    The September 29, 2016 Order dismissed all claims related to the allegedly unlawful expiration of credits and no response is therefore required.

109.    Paragraph 109 states conclusions of law purporting to be allegations of fact and no response is therefore required.  To the extent a response is required, TouchTunes denies the allegations in Paragraph 109.

## COUNT II

110.    TouchTunes repeats and restates its responses to Paragraphs 1 through 109 as if fully set forth herein.

ny-1250622

111.     The September 29, 2016 Order dismissed all claims alleging violations of New York General Business Law § 350 and therefore no response is required.

112.     The September 29, 2016 Order dismissed all claims alleging violations of New York General Business Law § 350 and therefore no response is required.

113.     The September 29, 2016 Order dismissed all claims alleging violations of New York General Business Law § 350 and therefore no response is required.

114.     The September 29, 2016 Order dismissed all claims alleging violations of New York General Business Law § 350 and therefore no response is required.

115.     The September 29, 2016 Order dismissed all claims alleging violations of New York General Business Law § 350 and therefore no response is required.

## COUNT III

116.     TouchTunes repeats and restates its responses to Paragraphs 1 through 115 as if fully set forth herein.

117.     The September 29, 2016 Order dismissed all claims alleging a breach of the duty and/or implied covenant of good faith and fair dealing and therefore no response is required.

118.     The September 29, 2016 Order dismissed all claims alleging a breach of the duty and/or implied covenant of good faith and fair dealing and therefore no response is required.

119.     The September 29, 2016 Order dismissed all claims alleging a breach of the duty and/or implied covenant of good faith and fair dealing and therefore no response is required.

## COUNT IV

120.     TouchTunes repeats and restates its responses to Paragraphs 1 through 119 as if fully set forth herein.

ny-1250622

121.    The September 29, 2016 Order dismissed all claims alleging unjust enrichment and therefore no response is required.

122.    The September 29, 2016 Order dismissed all claims alleging unjust enrichment and therefore no response is required.

123.    The September 29, 2016 Order dismissed all claims alleging unjust enrichment and therefore no response is required.

124.    The September 29, 2016 Order dismissed all claims alleging unjust enrichment and therefore no response is required.

125.    The September 29, 2016 Order dismissed all claims alleging unjust enrichment and therefore no response is required.

**AFFIRMATIVE DEFENSES**

Without assuming the burden of proof where it otherwise lies with Plaintiffs, TouchTunes asserts the following defenses:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The Amended Complaint, and each and every claim therein, fails to state facts sufficient to constitute a claim against TouchTunes.

**SECOND AFFIRMATIVE DEFENSE**

**(Causation)**

To the extent Plaintiffs and any putative Class members have suffered any damages alleged in the Amended Complaint, such damages were not caused by TouchTunes.

ny-1250622

## THIRD AFFIRMATIVE DEFENSE

### (Consent)

The Amended Complaint and each of its purported causes of action are barred in their

entirety to the extent that Plaintiffs and any putative Class members consented to the actions of

which they complain.

## FOURTH AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

The Court lacks subject matter jurisdiction over Plaintiffs' class claims.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiffs and any putative Class members are barred from relief in this action, in whole

or in part, under the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

The Amended Complaint fails to state a claim for valid injunctive relief because

Plaintiffs and any putative Class members cannot establish, among other things, that they do not

have an adequate remedy at law.

## SEVENTH AFFIRMATIVE DEFENSE

### (Incapable of Class Certification)

Plaintiffs have not validly stated a class of litigants capable of being certified under

Federal Rule of Civil Procedure 23 and/or any other applicable rules and/or statutes

ny-1250622

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Join Required Parties)

The Amended Complaint fails to join required parties.

## NINTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

Plaintiffs and any putative Class members assumed the risk of any harm alleged in the Amended Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (Voluntary Payment)

Plaintiffs and any putative Class members are barred from relief in this action, in whole or in part, under the voluntary payment doctrine.

## RESERVATION OF RIGHTS

TouchTunes hereby gives notice that it intends to rely upon such other further affirmative defenses as may become available during discovery in this action and reserves the right to amend its Answer to assert any such defenses as necessary.

## PRAYER FOR RELIEF

WHEREFORE, TouchTunes prays for the order and judgment of this Court in its favor against Plaintiffs as follows:

1. Denying Plaintiffs' request for class certification;

2. Dismissing this action with prejudice on the merits;

3. Awarding TouchTunes its reasonable costs as may be allowed by law; and

4. Awarding TouchTunes such other and further relief as the Court deems just and proper.

ny-1250622

Dated:  October 13, 2016

MORRISON & FOERSTER LLP


s/ Jamie A. Levitt
Jamie A. Levitt
Cameron A. Tepfer
250 West 55th Street
New York, NY 10019
Telephone:  (212) 468-8000
Facsimile:   (212) 468-7900
jlevitt@mofo.com
ctepfer@mofo.com
*Attorneys for Defendant*
*TouchTunes Music Corporation*

ny-1250622