**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHELLE CLINE and KELLY ENGSTROM, Individually and On Behalf Of All Others Similarly Situated,<br><br>               Plaintiffs,<br><br>vs.<br><br>TOUCHTUNES MUSIC CORPORATION,<br><br>               Defendant. | Index No.: 14 Civ. 4744 (LAK)<br><br><br><br>**NOTICE OF AMENDED AGREEMENT OF SETTLEMENT AND RELEASE** |

     **PLEASE TAKE NOTICE** that attached hereto is a copy of the Amended Agreement of Settlement and Release executed by both parties in the above-captioned matter.

Dated:  December 7, 2017
       New York, New York

                    Respectfully submitted,

                    **MORRISON & FOERSTER LLP**

                    By:  /s/ Jamie A. Levitt
                        Jamie A. Levitt
                        Cameron A. Tepfer
                        250 West 55th Street
                        New York, NY 10019-9601
                        jlevitt@mofo.com
                        ctepfer@mofo.com
                        Telephone: (212) 468-8000

                        *Attorneys for TouchTunes Music Corporation*

- 1 -

## AMENDED AGREEMENT OF SETTLEMENT AND RELEASE

This Agreement of Settlement and Release, dated October 13, 2017 ("Agreement"), embodies a settlement ("Settlement") made and entered into by the following Settling Parties: (i) Plaintiff Michelle Cline ("Cline" or "Plaintiff"), individually and on behalf of the Class (defined below); and (ii) Defendant TouchTunes Music Corporation ("Defendant" or "TouchTunes") (collectively, the "Settling Parties"), through their respective counsel, which resolves the above-referenced class action litigation pending in the United States District Court for the Southern District of New York (the "Action"). This Agreement is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims, upon and subject to the terms and conditions hereof and subject to the approval of the Court.

## I.     THE LITIGATION.

On June 26, 2014, Plaintiff (together with former named plaintiff Kelly Engstrom) filed a putative class action against TouchTunes alleging violations of New York General Business Law ("GBL") §§ 349 and 350, and common law claims arising from the Terms of Use applicable to the digital jukeboxes operated by TouchTunes. The complaint was filed on behalf of a proposed class consisting of individuals who "at any time between May 30, 2010 to October 28, 2013, purchased a song through TouchTunes' 'pay-for-play' jukebox service App, which was not played because it was skipped or otherwise interfered with, and no refund was issued . . . [or] at any time between May 30, 2010, to present, purchased a song through TouchTunes' 'pay-for-play' jukebox service from a TouchTunes equipped venue's onsite jukebox, which was not played because it was skipped or otherwise interfered with, and no refund was received." (Class Action Complaint, June 26, 2014, ECF No. 2, at 5.) On July 8, 2014, the Court found that plaintiffs failed to allege subject-matter jurisdiction due to the complaint lacking sufficient allegations concerning the citizenship of Ms. Cline and Ms. Engstrom. (Order, July 8, 2014, ECF No. 4.) Following additional clarification from the Court, plaintiffs filed a First Amended Complaint on July 23, 2014, adding citizenship allegations. (First Amended Complaint, July 23, 2014, ECF No. 7; Letter, July 14, 2014, ECF No. 5; Order, July 17, 2014, ECF No. 6.)

1

TouchTunes filed a Motion to Dismiss the First Amended Complaint on October 22, 2014, arguing, among other things, that plaintiffs failed to properly plead jurisdiction under the Class Action Fairness Act and failed to properly plead claims under the GBL, and common law claims for breach of covenant of good faith and fair dealing, and unjust enrichment. (First Motion to Dismiss, October 22, 2014, ECF No. 12.) On January 7, 2015, the Court agreed, in part, dismissing plaintiffs' claims but granting leave to replead. (Memorandum and Order, January 7, 2015, ECF No. 18.) On January 28, 2015, plaintiffs filed a Second Amended Complaint. (Second Amended Complaint, January 28, 2015, ECF No. 19.)

On March 3, 2015, Defendant filed a Motion to Dismiss the Second Amended Complaint, and, on September 29, 2016, the Court issued an Opinion and Order granting in part and denying in part TouchTunes' March 3, 2015 Motion to Dismiss the Second Amended Complaint (the "Opinion and Order"). As a result of the Opinion and Order, Ms. Engstrom's claims were dismissed entirely and Ms. Cline was permitted to proceed on a single claim under GBL § 349 concerning mobile App-based credits lost due to a specific venue override feature. (*See* Opinion and Order, September 29, 2016, ECF No. 31.)

There are currently no deadlines pending in this matter. The approval of this settlement by the Court will alleviate the further expenditure of efforts and resources by the parties and their respective counsel and provide meaningful relief for the Class, as detailed below, without the need for further litigation.

## II.    CLAIMS OF PLAINTIFF AND BENEFITS OF SETTLEMENT.

This litigation is a class action brought by Plaintiff individually and on behalf of the Class alleging that the disclosures that TouchTunes makes in its user agreements lack detail sufficient to alert a user of TouchTunes' services that a requested song might not play in part or in full. TouchTunes denies all of Plaintiff's allegations.

Plaintiff brought this Action in good faith and believes that the claims asserted in the Action have merit and that the evidence developed to date supports the claims alleged. Plaintiff

2

recognizes and acknowledges, however, the expense and length of continued proceedings necessary to prosecute the Action against TouchTunes through trial and appeals may be disproportionate to the claim that remains viable. Further, Plaintiff has taken into account the uncertain outcome and risk of any litigation, especially in complex cases such as this Action, as well as the difficulties and delays inherent in such litigation. Plaintiff is also mindful of possible defenses to the remaining GBL § 349 violation asserted in the Action, as well as the risks and costs associated with pursuing class certification in this case. Plaintiff believes that the Settlement set forth in the Agreement confers substantial benefits upon the Class. Based on their evaluation, Plaintiff and her Counsel have determined that the Settlement set forth in the Agreement is in the best interests of Plaintiff and the Class, and that the Settlement is fair, reasonable and adequate.

## III.   TOUCHTUNES'S DENIAL OF WRONGDOING AND LIABILITY.

TouchTunes has denied and continues to deny each and all of the claims and contentions alleged in this Action. TouchTunes has expressly denied and continues to deny all charges of wrongdoing or liability against them arising out of any of the conduct, acts or omissions alleged, or that could have been alleged, in this Action. Nonetheless, TouchTunes has concluded that further litigation of the Action would be protracted and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Agreement. TouchTunes has, therefore, determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Agreement.

## IV.   TERMS OF AGREEMENT AND RELEASE.

NOW, THEREFORE, IT IS HEREBY AGREED by and among Plaintiff (for herself and the Class) and Defendant, through their respective counsel-of-record, that, subject to the approval of the Court, in consideration of the benefits flowing to the Settling Parties from the Settlement set forth herein, this Action and the Released Claims shall be finally and fully

3

compromised, settled and released, and the Action shall be dismissed with prejudice, as to all

Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

## 1. Definitions.

In addition to the terms defined at various points within this Agreement, the following

Defined Terms apply throughout this Agreement:

1.1. "Automatic Credit Sub-Class" means all persons who, from November 1, 2012 to October 28, 2013 purchased credits to play a song through TouchTunes' mobile App, which was not played because it was skipped by a person using a TouchTunes-branded remote control in connection with a TouchTunes digital jukebox.

1.2. "Claim" means a written request submitted through the Claim Credit Sub-Class Process described in Section 10 of this Agreement.

1.3. "Claimant" means a member of the Claim Credit Sub-Class who submits a Claim.

1.4. "Claims Administrator" means JND Legal Administration. Class Counsel and Defendant may, by agreement, substitute a different organization as Claims Administrator, subject to approval by the Court if the Court has previously approved the Settlement. In the absence of agreement, either Class Counsel or Defendant may move the Court to substitute a different entity as Claims Administrator, upon a showing that the responsibilities of Claims Administrator have not been adequately executed by the incumbent.

1.5. "Claim Credit Sub-Class" means all persons who, from May 30, 2010 to October 31, 2012, purchased credits to play a song through TouchTunes' mobile App, which was not played because it was skipped by a person using a TouchTunes-branded remote control in connection with a TouchTunes digital jukebox, who did not receive a refund for such skipped song selection, and who submit a Valid Claim as determined by the Claims Administrator pursuant to Section 10.

1.6. "Claim Credit Sub-Class List" is the list compiled by the Claims Administrator following the expiration of the Claims Period of all Valid Claims, including a user's name, TouchTunes mobile App username, and email address, and excluding any person who timely opted-out by the Opt-Out Deadline and any member of the Automatic Credit Sub-Class.

1.7. "Class" or "Class Members" means all persons who, at any time between May 30, 2010 and October 28, 2013 purchased credits to play a song through TouchTunes' mobile App, which was not played because it was skipped by a person using a TouchTunes-branded remote control in connection with a TouchTunes digital jukebox. Class Members are further defined as members of either the "Automatic Credit Sub-Class" or the "Claim Credit Sub-Class."

1.8.    "Class Counsel" means:

> NEWMAN FERRARA LLP
> Jeffrey M. Norton
> 1250 Broadway, 27th Fl.
> New York, NY 10001

1.9.    "Class Period" means May 30, 2010 to October 28, 2013.

1.10.   "Claims Period" means the period ending six months after Notice Approval.

1.11.   "Court" means the United States District Court for the Southern District of New York.

1.12.   "Defendant" means TouchTunes Music Corporation.

1.13.   "Effective Date" means the second business day after which all of the following events have occurred:

a)    TouchTunes' counsel and Class Counsel have executed this Agreement;

b)    The Court has entered the Final Approval Order without material change to the Parties' agreed-upon proposed Final Approval Order as described in Section 8;

c)    The time for seeking rehearing or appellate or other review has expired, and no appeal or petition for rehearing or review has been timely filed; or the Settlement is affirmed on appeal or review without material change, no other appeal or petition for rehearing or review is pending, and the time period during which further petition for hearing, review, appeal, or certiorari could be taken has finally expired.

1.14.   "Notice" means the notices of proposed class action settlement that the Parties will ask the Court to approve in connection with the motion for Notice Approval.

1.15.   "Notice Approval" means the date that the Court enters, without material change, an order approving the Notice Program as set forth in this agreement.

1.16.   "Notice Deadline" means 60 days after Notice Approval.

1.17.   "Notice Program" means the notice methods provided for in this Agreement and consists of the emailed Notice to all Class Members and a dedicated website to host the Notice. The form of Notice shall be substantially in the form attached as Exhibit A to this Agreement and approved by the Court, and the Notice Program shall be affected in substantially the manner provided in Section VI.

1.18.   "Objection Deadline" means 45 days after the Notice Deadline.

1.19.   "Opt-Out Deadline" means 45 days after the Notice Deadline.

1.20.   "Parties" means Plaintiff, the Class, and TouchTunes.

1.21.   "Person" means an individual, corporation (including all divisions and subsidiaries), partnership, limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and his, her or its spouses, heirs, predecessors, successors, representatives, or assignees.

1.22.   "Plaintiff" means Michelle Cline.

1.23.   "Plaintiff's Counsel" means:

> NEWMAN FERRARA LLP
> Jeffrey M. Norton
> 1250 Broadway, 27th Fl.
> New York, NY 10001

1.24.   "Released Claims" means all claims, whether known or unknown (including, but not limited to, "Unknown Claims"), as defined in Section 1.31, that were asserted or could have been asserted in this case by Plaintiff or Class Members, directly against the Released Persons under federal or state law, including, without limitation, all claims arising out of, or relating to, in whole or in part, the claims or facts and circumstances asserted in this Action, including, without limitation, any claims by Plaintiff or Class Members arising out of, or relating to, their use of TouchTunes' services or Terms of Use during the Class Period.  Excluded from the "Released Claims" are claims arising out of the violation or breach of the terms of the Settlement.

1.25.   "Released Parties" means those persons and entities released as specified in Section 11.

1.26.   "Releases" means all of the releases contained in Section 11

1.27.   "Releasing Parties" means Plaintiff and all Class Members who do not timely and properly exclude themselves from the Settlement, and each of their respective heirs, assigns, beneficiaries, and successors.

1.28.   "Settlement" means the settlement into which the Parties have entered to resolve the Action. The terms of the Settlement are as set forth in this Agreement including the exhibits hereto.

1.29.   "Settlement Website" means the website maintained by the Claims Administrator for the purpose of administering the Settlement and providing Notice to Class Members.

1.30.   "Song Credit" means a code for an electronic credit that can be used through the TouchTunes mobile App to play certain songs on TouchTunes digital jukeboxes.  The electronic credit will expire one year after it is provided to a user.

1.31.   "Unknown Claims" means any Released Claims which Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiff shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by the laws of the state of New York.  Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiff shall expressly, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Plaintiff acknowledges, and Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

1.32.   "Valid Claim" means a Claim that has been deemed by the Claims Administrator to meet the requirements of Section 10.

2.   **Certification of the Settlement Class.**

2.1.   For settlement purposes only, Plaintiff shall seek, and TouchTunes shall not oppose, certification of the following Settlement Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure:  All persons who, between May 30, 2010 and October 28, 2013 purchased credits to play a song through TouchTunes' mobile App, which was not played because it was skipped by a person using a TouchTunes-branded remote control in connection with a TouchTunes digital jukebox, who did not receive a refund for such skipped song.

2.2.   The Class shall consist of two sub-classes:

a)   the Automatic Credit Sub-Class consisting of all persons who, from November 1, 2012 to October 28, 2013 purchased credits to play a song through TouchTunes' mobile App, which was not played because it was skipped by a person using a TouchTunes-branded remote control in connection with a TouchTunes digital jukebox; and

b)   the Claim Credit Sub-Class consisting of all persons who, from May 30, 2010 to October 31, 2012, purchased credits to play a song through TouchTunes' mobile App, which was not played because it was skipped by a person using a

TouchTunes-branded remote control in connection with a TouchTunes digital jukebox, who did not receive a refund for such skipped song selection, and who submit a Valid Claim as determined by the Claims Administrator.

2.3.    For settlement purposes only, Plaintiff shall also seek, and TouchTunes shall not oppose, appointment of Class Counsel, and appointment of Plaintiff as class representatives, to represent the Settlement Class.

## 3.    Settlement Consideration.

3.1.    TouchTunes shall provide one Song Credit to the TouchTunes mobile App username of all members of the Automatic Credit Sub-Class who do not timely opt out by the Opt-Out Deadline as set forth in Section 9.

3.2.    TouchTunes shall provide one Song Credit to all members of the Claim Credit Sub-Class who do not timely opt out by the Opt-Out Deadline as determined by the Claims Administrator as set forth in Section 10.

3.3.    Under no circumstances will a user be entitled to more than one Song Credit regardless of the number of songs they claim were requested and skipped by a TouchTunes-branded remote control in connection with a TouchTunes digital jukebox, or regardless of the fact that they could belong to members of both sub-classes. A user who belongs to both the Automatic Credit Sub-Class and the Claim Credit Sub-Class will only receive a Song Credit as a member of the Automatic Credit Sub-Class and will be excluded from the Claim Credit Sub-Class.

## 4.    Injunctive Relief.

4.1.    TouchTunes represents that as a result of this Action, it implemented a change to its Terms of Use.  Specifically, Defendant represents that as of April 2016 it has clarified its Terms of Use to specify that a TouchTunes mobile App user's selected song might not play because a person may skip a user's selected song using a TouchTunes-branded remote control.

## 5.    Notice Program Approval.

5.1.    Upon execution of this Agreement by all signatories, Class Counsel shall promptly move the Court for an order approving the proposed Notice Program ("Notice Program Approval Order").  The proposed Notice Program Approval Order that will be filed with the motion shall be in a form agreed upon by Defendant and Class Counsel, and substantially in the form as that attached as Exhibit B to this Agreement. The motion for Notice Program Approval shall request that the Court: (1) approve the Notice Program set forth herein and approve the form and content of the Notice; (2) approve the procedures set forth in Section 7 for Class Members to exclude themselves from the Class or to object to the Settlement; (3) stay the Action pending Final Approval of the Settlement; (4) stay and/or enjoin, pending Final Approval of the Settlement, any actions brought by Class Members concerning a Released Claim; and (5) schedule a final approval hearing for a time and date mutually convenient for the Court, Class Counsel,

and TouchTunes, at which the Court will conduct an inquiry into the fairness of the Settlement, determine whether it was made in good faith and should be finally approved, and determine whether to approve Class Counsel's application for attorneys' fees, costs, and expenses, and request for a case contribution award for the named plaintiff (the "Final Approval Hearing").

5.2.    The Claims Administrator shall serve any notice of the settlement that meets the requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715 and shall file with the Court a certification of the date upon which the CAFA Notice was served.

## 6.    Claims Administrator.

6.1.    The Claims Administrator shall administer various aspects of the Settlement and perform such other functions as are specified for the Class Administrator elsewhere in this Agreement, including, but not limited to, providing Notice to Class Members as described in Section 7; administering the Automatic Credit Sub-Class Process as described in Section 9; and administering the Claim Credit Sub-Class Process as described in Section 10.

6.2.    The Claims Administrator shall establish and maintain a dedicated website to host the Notice.

6.3.    The Claims Administrator shall respond to any inquiries from potential Class Members.

6.4.    The Claims Administrator shall provide weekly reports and, no later than ten days after the Opt-Out Deadline, a final report to Class Counsel and Defendant, that summarize:

    a)    the number of written notifications of exclusion received that week;

    b)    the total number of written notifications of exclusion received to date;

    c)    the number of Claims since the prior reporting period;

    d)    the total number of Claims received to date;

    e)    the number of Claims determined to be Valid Claims since the prior reporting period;

    f)    the total number of Valid Claims identified to date; and

    g)    other pertinent information.

6.5.    In advance of the Final Approval Hearing, the Claims Administrator shall prepare an affidavit to submit to the Court that:

a)    attests to implementation of the Notice Program in accordance with the Notice Program Approval Order; and

b)    identifies each Class Member who timely and properly provided written notification of exclusion from the Settlement Class.

6.6.    The Claims Administrator shall perform any Settlement administration-related function at the agreed-upon instruction of both Class Counsel and TouchTunes.

## 7.    Notice to Class Members.

7.1.    Within fifteen business days after Notice Program Approval, Defendant will provide to the Claims Administrator the username and last known email address (a) all persons who, from November 1, 2012 to October 28, 2013 purchased a song through TouchTunes' mobile App, which was not played because it was skipped by a person using a TouchTunes-branded remote control in connection with a TouchTunes digital jukebox; and (b) all persons who, from May 30, 2010 to October 31, 2012, purchased a song through TouchTunes' mobile App (the "Potential Class List").

7.2.    The Claims Administrator will maintain the Potential Class List in a secure manner.

7.3.    Upon receipt of the Potential Class List, the Claims Administrator shall implement the Notice Program provided herein, using the form of Notice approved by the Court in the Notice Program Approval Order, substantially in the form attached as Exhibit A to this Agreement. The Notice shall include, among other information:

a)    a description of the material terms of the Settlement;

b)    the date by which Class Members may exclude themselves from the Settlement Class;

c)    the date by which Class Members may object to the Settlement;

d)    the date upon which the Final Approval Hearing is scheduled to occur; and

e)    a description of the Claims process.

7.4.    The Claims Administrator shall provide the Notice to the Potential Class List by sending an email, substantially in the form attached as Exhibit C to this Agreement, to a user's last known email. The Claims Administrator shall make the Notice available at a dedicated website maintained by the Claims Administrator.

7.5.    The Notice shall include a procedure for Class Members to exclude themselves from the Settlement Class by notifying the Claims Administrator in writing of the intent to exclude himself or herself from the Settlement Class.

7.6.    Such written notification must be received by the Claims Administrator no later than the Opt-Out Deadline, as specified in the Notice.  The written notification must include:

      a)    the individual's name and address;

      b)    email address;

      c)    TouchTunes mobile App username; and

      d)    a statement that he or she wants to be excluded from the Settlement.

7.7.    The Claims Administrator shall provide the Parties with copies of all completed opt-out notifications, and a final list of all who have timely and validly excluded themselves from the Settlement Class, which Class Counsel shall move to file under seal with the Court no later than 10 days prior to the Final Approval Hearing.  Any Class Member who does not timely and validly exclude himself or herself shall be bound by the terms of this Agreement.

7.8.    The Notice shall include a procedure for Class Members to object to the Settlement and/or to Class Counsel's application for attorneys' fees, costs, and expenses. Objections to the Settlement or to the application for attorneys' fees, costs, expenses must be electronically filed with the Court, or mailed to the Clerk of the Court, with copy to Class Counsel and Defendant's counsel. For an objection to be considered by the Court the objection must be: (a) electronically filed by the Objection Deadline; or (b) mailed first-class postage prepaid to the Clerk of Court, Class Counsel, and Defendant's Counsel, at the addresses listed in the Notice, and postmarked by no later than the Objection Deadline, as specified in the Notice.

7.9.    For an objection to be considered by the Court, the objection must also set forth:

      a)    the name of the Action;

      b)    the objector's full name, address, email address, and telephone number;

      c)    an explanation of the basis upon which the objector claims to be a Class Member;

      d)    all grounds for the objection, accompanied by any legal support for the objection;

      e)    the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement, or the fee application;

      f)    the identity of all counsel representing the objector who will appear at the Final Approval Hearing;

g)  a list of any persons who will be called to testify at the Final Approval Hearing in support of the objection;

h)  a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

i)  the objector's signature (an attorney's signature is not sufficient).

7.10.  The Notice Program shall be completed by the Notice Deadline.

7.11.  Within seven days after the Notice Deadline, the Claims Administrator shall provide Class Counsel and TouchTunes with one or more affidavits confirming that the Notice Program was completed in accordance with the Parties' instructions and the Court's approval. Class Counsel shall file such affidavit(s) with the Court as an exhibit to or in conjunction with Plaintiff's motion for final approval of the Settlement.

7.12.  All costs of the Notice Program shall be paid by TouchTunes.

7.13.  Within the parameters set forth in this Section 7, further specific details of the Notice Program shall be subject to the agreement of Class Counsel and Defendant.

## 8.  Final Approval Order and Judgment.

8.1.  Plaintiff's motion for Notice Program Approval will include a request to the Court for a scheduled date on which the Final Approval Hearing will occur. The Final Approval Hearing shall be scheduled no earlier than 90 days after the CAFA notices are mailed to ensure compliance with 28 U.S.C § 1715. By no later than 28 days prior to the Objection Deadline, Plaintiff shall file a motion for final approval of the Settlement and an application for attorneys' fees, costs, and expenses, and request for a case contribution award for the named plaintiff. By no later than 21 days prior to the Final Approval Hearing, TouchTunes shall file any response or objections to Plaintiff's application for attorneys' fees, costs, and expenses, and request for a case contribution award for the named plaintiff. By no later than 14 days prior to the Final Approval Hearing, the Parties shall file any responses to any objections, and any replies in support of final approval of the Settlement and/or Class Counsel's application for attorneys' fees, costs, and expenses, and request for a case contribution award for the named plaintiff. At the Final Approval Hearing, the Court will consider Plaintiff's motion for final approval of the Settlement, and Class Counsel's application for attorneys' fees, costs, and expenses, and request for a case contribution award for the named plaintiff. In the Court's discretion, the Court also will hear argument at the Final Approval Hearing from any Class Members (or their counsel) who object to the Settlement or to the fees, costs, expenses, provided the objectors filed timely objections that meet all of the requirements listed in Sections 7.

8.2.  At or following the Final Approval Hearing, the Court will determine whether to enter the Final Approval Order granting final approval of the Settlement, whether to approve Class Counsel's request for attorneys' fees, costs, and expenses, and the amount of any attorneys' fees, costs, and expenses to be awarded to Class Counsel, and whether to grant Plaintiff's request for a case contribution award. The proposed Final Approval

Order that will be filed with the motion for final approval shall be in a form agreed upon by Class Counsel and Plaintiff. Such proposed Final Approval Order shall, among other things:

     a)     determine that the Settlement is fair, adequate, and reasonable;

     b)     finally certify the Settlement Class for settlement purposes only;

     c)     determine that the Notice provided satisfied Due Process requirements;

     d)     dismiss the Action with prejudice;

     e)     bar and enjoin the Releasing Parties from asserting any of the Released Claims, as set forth in Section 11, including during the pendency of any appeal from the Final Approval Order;

     f)     release Defendant and the Released Parties from the Released Claims, as set forth in Section 1;

     g)     reserve the Court's continuing and exclusive jurisdiction over TouchTunes and all Class Members (including all objectors) to administer, supervise, construe, and enforce this Agreement in accordance with its terms;

     h)     determine whether to reward Class Counsel attorney's fees, costs, and expenses, and if so, in what amount; and

     i)     determine whether a case contribution award is appropriate, and, if so, in what amount.

## 9.    Automatic Credit Sub-Class Process.

9.1.    Following the expiration of the Claims Period, TouchTunes will identify all persons who, from November 1, 2012 to October 28, 2013 purchased credits to play a song through TouchTunes' mobile App, which was not played because it was skipped by a person using a TouchTunes-branded remote control in connection with a TouchTunes digital jukebox and provide a list of such persons to the Claims Administrator.

9.2.    The Claims Administrator will review the list and exclude any user who has timely opted-out by the Opt-Out Deadline (the "Automatic Credit Sub-Class List").

9.3.    The Claims Administrator will provide the Automatic Credit Sub-Class List to TouchTunes.

9.4.    TouchTunes will electronically provide a Song Credit to the username and email address associated with all users listed on the Automatic Credit Sub-Class List.

9.5.    This Automatic Credit Sub-Class Process will be set forth in the Notice provided to Class Members.

10. **Claim Credit Sub-Class Process.**

10.1.    On the Settlement Website maintained by the Claims Administrator, the Claims Administrator will make available a Claims Form.

10.2.    The Claims Form will require a potential Claim Credit Sub-Class Member to provide the following information to the best of their ability:

    a)    name;

    b)    TouchTunes mobile App username;

    c)    email address corresponding to their TouchTunes mobile App account;

    d)    approximate date on which a requested song was skipped;

    e)    venue in which the song requested by a user was skipped;

    f)    whether the requested song was skipped due to use of a TouchTunes-branded remote control; and

    g)    whether they received a refund for their skipped song.

10.3.    The Claims Administrator will review all Claims Forms submitted through the Settlement Website to determine the validity of each Claim.

10.4.    The Claims Administrator will find that a Claim is a Valid Claim if:

    a)    sufficient verifying information in 10.1 has been provided;

    b)    the approximate date provided by a user on which a requested song was skipped was on or between May 30, 2010 to October 31, 2012;

    c)    if a user states that a requested song was skipped due to use of a TouchTunes-branded remote control; and

    d)    if a user states that they did not otherwise receive a refund for a requested song that was skipped.

10.5.    The Claims Administrator shall not find a Claim to be a Valid Claim if any of the information required in 10.4 has not been provided.

10.6.    The Claims Administrator shall not find a Claim to be a Valid Claim if the date provided by a user on which a song requested by a user was skipped was before May 30, 2010 or after November 1, 2012.

10.7.    The Claims Administrator shall not find a Claim to be a Valid Claim if a user states that a requested song was skipped for any reason other than the use of a TouchTunes-branded remote control.

10.8.   If the requirements listed in 10.2—10.5 are met as determined by the Claims Administrator, TouchTunes will not further verify whether a Claim is a Valid Claim.

10.9.   Following the expiration of the Claims Period, the Claims Administrator shall compile the Claim Credit Sub-Class List, excluding from such list any person who timely opted-out by the Opt-Out Deadline and any member of the Automatic Credit Sub-Class.

10.10. TouchTunes will electronically provide a Song Credit to the username and email address associated with all users listed on the Claim Credit Sub-Class List.

10.11. This Claim Credit Sub-Class Process will be set forth in the Notice provided to Class Members.

## 11.   Releases.

11.1.   As of the Effective Date, the Releasing Parties, each on behalf of himself or herself and on behalf of his or her respective heirs, assigns, beneficiaries, and successors, shall automatically be deemed to have fully and irrevocably released and forever discharged TouchTunes and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and the present and former directors, officers, employees, agents, insurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, predecessors, successors, and assigns of each of them (collectively, the "Released Parties"), of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to the use of TouchTunes's services and/or TouchTunes' Terms of Use, and conduct that was alleged or could have been alleged in the Action, including, without limitation, any claims, actions, causes of action, demands, damages, penalties, losses, or remedies relating to, based upon, resulting from, or arising out of the use of TouchTunes's services and/or TouchTunes' Terms of Use; and any event, matter, dispute or thing that in whole or in part, directly or indirectly, relates to or arises out of the use of TouchTunes's services and/or TouchTunes' Terms of Use (the "Released Claims").

11.2.   Upon the Effective Date, and to the fullest extent permitted by law, each Releasing Party, including Plaintiff, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public, or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than the participation in the Settlement as provided herein) in which any of the Released Claims is asserted.

11.3.   Plaintiff and/or any Releasing Party may hereafter discover facts other than or different from those that he/she knows or believes to be true with respect to the subject matter of the claims released pursuant to the terms of this Section 11, or the law applicable to such claims may change. Nonetheless, each of those individuals expressly

15

agrees that, as of the Effective Date, he/she shall have automatically and irrevocably
waived and fully, finally, and forever settled and released any known or unknown,
suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, contingent
or noncontingent claims with respect to all of the matters described in or subsumed by
this Section 11.

11.4.   Plaintiff and each Class Member waives and releases any and all provisions,
rights, and benefits conferred either (a) by Section 1542 of the California Civil Code, or
(b) by any law of any state or territory of the United States, or principle of common law,
which is similar, comparable, or equivalent to Section 1542 of the California Civil Code,
with respect to the claims released pursuant to this Agreement. Section 1542 of the
California Civil Code reads:

> **General release; extent**.  A general release does not extend to
> claims which the creditor does not know or suspect to exist in his
> or her favor at the time of executing the release, which if known by
> him or her must have materially affected his or her settlement with
> the debtor.

11.5.   In addition to any other defenses TouchTunes may have at law, in equity, or
otherwise, to the extent permitted by law, this Agreement may be pleaded as a full and
complete defense to, and may be used as the basis for an injunction against, any action,
suit, or other proceeding that may be instituted, prosecuted, or attempted in breach of this
Agreement or the Releases contained herein.

## 12.   Attorney's Fees, Costs, Expenses, and Case Contribution Award.

12.1.   TouchTunes agrees not to oppose Class Counsel's request for attorneys' fees,
costs, and expenses of up to $100,000 and a case contribution award to the named
plaintiff in the amount of $2,000.  Any award of attorneys' fees, costs, and expenses, in
addition to any case contribution award, shall be paid by TouchTunes.

12.2.   TouchTunes expressly reserves the right to oppose any request for attorneys' fees,
costs, and expenses greater than $100,000 and a request for a case contribution award
greater than $2,000.

12.3.   Within 30 days of the Effective Date, TouchTunes shall pay to Class Counsel all
Court-approved attorneys' fees, costs, and expenses and case contribution award. Class
Counsel shall timely furnish to TouchTunes any required tax information or forms before
the payment is made.

12.4.   In the event the Court declines to approve, in whole or in part, the payment of
attorneys' fees, costs, and expenses, or any case contribution award, in the amount that
Class Counsel requests, the remaining provisions of this Agreement shall remain in full
force and effect. No order of the Court, or modification or reversal or appeal of any order
of the Court, concerning the amount(s) of attorneys' fees, costs, and expenses,  or case
contribution award shall constitute grounds for cancellation or termination of this
Agreement.

### 13.    Termination of Settlement.

13.1.    This Settlement may be terminated by either Plaintiff or TouchTunes by serving on counsel for the opposing Party and filing with the Court a written notice of termination within 14 days (or such longer time as may be agreed between Class Counsel and TouchTunes) after any of the following occurrences:

a)    Class Counsel and TouchTunes agree to termination before the Effective Date;

b)    the Court rejects, materially modifies, materially amends or changes, or declines to approve the Settlement;

c)    an appellate court reverses the Final Approval Order, and the Settlement is not reinstated and finally approved without material change by the Court on remand;

d)    the Court or any reviewing appellate court incorporates material terms or provisions into, or deletes or strikes material terms or provisions from, or materially modifies, amends, or changes, the Notice Approval Order, the proposed Final Approval Order as described in Section VIII, or the Settlement; or

e)    the Effective Date does not occur.

13.2.    TouchTunes also shall have the right to terminate the Settlement by serving on Class Counsel and filing with the Court a notice of termination within 14 days of its receipt from the Claims Administrator of the final report specified in Section 6.4, if more than 2% of Class Members submit valid written notifications to exclude themselves from the Settlement Class.

13.3.    No order of the Court, or modification or reversal or appeal of any order of the Court, concerning the amount(s) of attorneys' fees, costs, and expenses, or case contribution award shall constitute grounds for cancellation or termination of this Agreement.

### 14.    Effect of Termination.

14.1.    The grounds upon which this Agreement may be terminated are set forth in Section 13. In the event of a termination as provided therein, this Agreement shall be considered null and void; all of TouchTunes's obligations under the Agreement shall cease to be of any force and effect; and the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement.  In addition, in the event of such a termination, all of the Parties' respective pre-Settlement claims and defenses will be preserved, including, but not limited to, Plaintiff's right to seek class certification and TouchTunes's right to oppose class certification.

14.2.    In the event the Settlement is terminated in accordance with the provisions of Section 13, any discussions, offers, or negotiations associated with this Settlement shall

not be discoverable or offered into evidence or used in the Action or any other action or proceeding for any purpose. In such event, all Parties to the Action shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court.

14.3.    The Settlement shall become effective on the Effective Date unless earlier terminated in accordance with the provisions of Section 13.

## 15.    No Admission of Liability.

15.1.    TouchTunes disputes the claims alleged in the Action and does not by this Agreement or otherwise admit any liability or wrongdoing of any kind.  TouchTunes has agreed to enter into this Agreement solely to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and to be completely free of any further claims that were asserted or could have been asserted in the Action.

15.2.    Class Counsel and Plaintiff believes that the claims asserted in the Action have merit, and they have examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex, costly, and time-consuming litigation, and the likelihood of success on the merits of the Action. Class Counsel and Plaintiff has concluded that the proposed Settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Class Members.

15.3.    The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

15.4.    Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by Plaintiff or Class Members, or of any wrongdoing or liability of the Released Parties; (b) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of the Released Parties, in the Action or in any proceeding in any court, administrative agency or other tribunal.

## 16.    Dismissal of the Action.

16.1.    Plaintiff, individually and on behalf of the Class Members, consents to the dismissal of this Action with prejudice.

16.2.    The Parties hereby stipulate to the entry of the Final Approval Order in a form substantially the same as Exhibit D following Final Approval of the Settlement Agreement by the Court.

## 17.    Miscellaneous Provisions.

17.1.   Singular and Plurals. As used in this Agreement, all references to the plural shall also mean the singular and to the singular shall also mean the plural whenever the context so indicates.

17.2.   Binding Effect. This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Releasing Parties and the Released Parties.

17.3.   Cooperation of Parties. The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, defend Court approval, and to do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

17.4.   Obligation To Meet And Confer. Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have consulted.

17.5.   Integration. This Agreement (along with any Exhibits attached hereto) constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

17.6.   No Conflict Intended. Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

17.7.   Governing Law. The Agreement shall be construed in accordance with, and be governed by, the laws of the State of New York, without regard to the principles thereof regarding choice of law.

17.8.   Counterparts. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all signatories do not sign the same counterparts. Any signature submitted by facsimile or through email of a PDF shall be deemed an original.

17.9.   Jurisdiction. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Claims Administrator. As part of its agreement to render services in connection with this Settlement, the Claims Administrator shall consent to the jurisdiction of the Court for this purpose.

17.10. Notices. All notices to Class Counsel provided for herein, shall be sent by overnight mail to:

NEWMAN FERRARA LLP
Jeffrey M. Norton
1250 Broadway, 27th Floor
New York, NY 10001

All notices to TouchTunes, provided for herein, shall be sent by overnight mail to:

MORRISON & FOERSTER LLP
Jamie A. Levitt
Cameron A. Tepfer
250 West 55th Street
New York, NY 10019-9601

The notice recipients and addresses designated above may be changed by written notice.
Upon the request of any of the Parties, the Parties agree to promptly provide each other
with copies of objections, requests for exclusion, or other filings received as a result of
the Notice Program.

17.11. Modification and Amendment. This Agreement may be amended or modified
only by a written instrument signed by counsel for TouchTunes and Class Counsel and, if
the Settlement has been previously approved by the Court, approved by the Court.

17.12. No Waiver. The waiver by any Party of any breach of this Agreement by another
Party shall not be deemed or construed as a waiver of any other breach, whether prior,
subsequent, or contemporaneous, of this Agreement.

17.13. Authority. Any person executing this Agreement in a representative capacity
represents and warrants that he or she is fully authorized to do so and to bind the Party on
whose behalf he or she signs this Agreement to all of the terms and provisions of this
Agreement. Plaintiff and TouchTunes represents and warrant that he, she, or it is fully
authorized to enter into this Settlement Agreement and to carry out the obligations
provided for herein. Each Party hereto further represents and warrants that he, she, or it
intends to be bound fully by the terms of this Settlement Agreement.

17.14. Agreement Mutually Prepared. Neither TouchTunes nor Plaintiff, nor any of
them, shall be considered to be the drafter of this Agreement or any of its provisions for
the purpose of any statute, case law, or rule of interpretation or construction that would or
might cause any provision to be construed against the drafter of this Agreement.

17.15. Independent Investigation and Decision to Settle. The Parties understand and
acknowledge that they: (a) have performed an independent investigation of the
allegations of fact and law made in connection with this Action; and (b) that even if they
may hereafter discover facts in addition to, or different from, those they now know or
believe to be true with respect to the subject matter of the Action as reflected in this
Agreement, that will not affect or in any respect limit the binding nature of this
Agreement. It is the Parties' intention to resolve their disputes in connection with this
Action pursuant to the terms of this Agreement now and thus, in furtherance of their
intentions, the Agreement shall remain in full force and effect notwithstanding the
discovery of any additional facts or law, or changes in any substantive or procedural law,

20

and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law or changes in any substantive or procedural law, subsequently occurring or otherwise.

17.16.  Receipt of Advice of Counsel.  Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained in Section 11, received independent legal advice with respect to the advisability of entering into this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

17.17.  Representation of Opt-Outs.  Class Counsel agrees that this Settlement Agreement is fair, reasonable, and in the best interest of Class Members. Based upon unique circumstances here, Class Counsel agrees that Class Members who seek to opt-out should be represented by counsel who do not agree that the Settlement Agreement is fair, reasonable, and in the best interest of Class Members. Accordingly, Class Counsel shall, if contacted, refer any such opt-outs to the applicable state bar association or other referral organization for appropriate counsel in any subsequent litigation against TouchTunes.

17.18.  No Additional Persons with Financial Interest.  Plaintiff and Class Counsel represent and warrant that the term "Class Counsel" as defined in Section 1.7 hereof includes all persons (natural or legal) having any interest in any award of attorneys' fees or costs in connection with the Actions.

17.19.  No Attempt by Parties to Object.  Plaintiff, Class Counsel, and TouchTunes each represent and warrant that they have not made, nor will they make, any attempt to (a) void this Settlement Agreement in any way, or (b) solicit, encourage, or assist in any fashion any effort by any person (natural or legal) to object to the settlement under this Settlement Agreement.

17.20.  Best Efforts.  The Parties agree that the terms of the Settlement Agreement reflect a good-faith settlement of disputed claims. Class Counsel and TouchTunes consider the settlement effected by this Settlement Agreement to be fair and reasonable and will use their best efforts to seek approval of the Settlement Agreement by the Court, including amendment of the complaint to incorporate the definitions of the Settlement Class, if necessary, and in responding to any objectors, intervenors or other persons or entities seeking to preclude the Final Approval of this Settlement Agreement. This obligation is subject to the Parties' rights to terminate the Settlement Agreement as provided herein.

17.21.  Press.  Neither Party will issue any press release regarding the Settlement.

17.22.  Time Periods.  The time periods and dates described in this Settlement Agreement with respect to the giving of notices and hearings are subject to Court approval and modification by the Court or by written stipulation of the Counsel.

17.23.  Agreement Binding on Successors in Interest.  This Settlement Agreement shall be binding on and inure to the benefit of the respective heirs, successors, and assigns of the Parties through their counsel.

IN WITNESS THEREOF, TouchTunes' counsel and Class Counsel cause this

Agreement to be executed.

Dated: ___12.06.2017_____

_____
Jeffrey M  Norton
NEWMAN FERRARA LLP
1250 Broadway, 27th Floor
New York, NY 10001
*Counsel for Plaintiff and Class Counsel*

Dated: ___12\6\2017_____

_____
Jamie A. Levitt
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019-9601
*Counsel for TouchTunes Music Corporation*