

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHELLE CLINE and KELLY ENGSTROM, Individually and On Behalf Of All Others Similarly Situated,<br><br>          Plaintiffs,<br><br>vs.<br><br>TOUCHTUNES MUSIC CORPORATION,<br><br>          Defendant. | Index No.: 14 Civ. 4744 (LAK) |

### [PROPOSED] ORDER GRANTING
### JOINT MOTION FOR APPROVAL OF NOTICE PROGRAM

This Court having reviewed the record in this matter, considered the terms and conditions of the Settlement Agreement and Release entered into between Plaintiff and the Class (as defined below), by and through Plaintiff and the Class's counsel (collectively "Plaintiff") and Defendant TouchTunes Music Corporation ("TouchTunes"), and the exhibits thereto, the Parties' Motion and Memorandum of Law in Support of the Motion for Approval of the Settlement Notice Program, and found good cause for entering the following Order.

NOW, it is hereby ORDERED as follows:

1. For purposes of this Order, the Court adopts all defined terms as set forth in the Settlement Agreement.

### Manner and Form of Notice

2. The Court approves the Notice substantially in the form attached as Exhibit A to the Settlement Agreement. The Court also finds that the proposed Notice Program, which includes emailing the last known email address of TouchTunes mobile App users who are members of the Class, posting of the Notice on the settlement website, and the maintenance of a

toll-free telephone number will provide the best notice practicable under the circumstances. The Notice is reasonably calculated, under the circumstances, to apprise potential Settlement Class Members of the pendency of the class action, the effect of the proposed Settlement (including the Released Claims contained therein), any motion for attorneys' fees, costs, and expenses, and any request for a case contribution award for the named plaintiff, and of their right to submit a claim form and object to any aspect of the proposed Settlement; constitutes due, adequate and sufficient notice to potential Settlement Class Members; and satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable law and rules. The date and time of the Final Approval Hearing shall be included in the Notice before it is mailed or published.

3. The Court hereby appoints JND Legal Administration to serve as the Claims Administrator to supervise and administer the notice procedures, establish and operate a settlement website, administer the Automatic Credit Sub-Class Process, Claim Credit Sub-Class Process, and perform any other duties of the Claims Administrator provided for in the Settlement Agreement.

4. Within fifteen (15) business days of entry of this Order, TouchTunes shall submit to the Claims Administrator the username and last known email address (a) all persons who, from November 1, 2012 to October 28, 2013 purchased a song through TouchTunes' mobile App, which was not played because it was skipped by a person using a TouchTunes-branded remote control in connection with a TouchTunes digital jukebox; and (b) all persons who, from May 30, 2010 to October 31, 2012, purchased a song through TouchTunes' mobile App (the "Potential Class List"). TouchTunes shall take appropriate measures to ensure that the Potential Class List is transferred to the Claims Administrator in a secure manner, and the Claims

Administrator shall maintain the Potential Class List in a secure manner.

5. The Claims Administrator shall provide notice of the Settlement and the Final Approval Hearing to Settlement Class Members. After the Claims Administrator receives the Potential Class List from TouchTunes, the Claims Administrator shall email the Notice to all email addresses on the Potential Class List. The Claims Administrator shall email the Notice no later than 60 days after the entry of this Order (the "Notice Deadline").

6. As soon as practicable following the entry of this Order, and no later than the commencement of the Notice Program, the Claims Administrator shall establish and a dedicated website to host the Notice (the "Settlement Website"). The Notice shall be posted on the Settlement Website on or before the Notice Deadline.

7. No later than seven (7) calendar days after the Notice Deadline, the Claims Administrator shall provide Class Counsel and TouchTunes with one or more affidavits confirming that the Notice Program and posting of Notice on the Settlement Website were completed in accordance with this Order. Class Counsel shall file such affidavit(s) with the Court as an exhibit to or in conjunction with Plaintiff's motion for final approval of the Settlement.

8. All costs of the Notice Program shall be paid by TouchTunes.

### The Final Approval Hearing

9. The Court will hold a Final Approval Hearing on May 2, 2018 [no sooner than one hundred twenty (120) days after entry of this Order], at 3:30 pm in Courtroom 21B, ___, in the United States District Court for the Southern District of New York in the Courtroom of Judge Lewis A. Kaplan, located at 500 Pearl Street, New York, New York, 10007-1312, for the following purpose: (i) to determine whether the Settlement Class satisfies the applicable

requirements for class action treatment under Rules 23(a) and 23(b)(3); (ii) to determine whether the Settlement should be approved as fair, reasonable, and adequate and in the best interests of the Settlement Class; (iii) to rule upon Class Counsel's application for an award of attorneys' fees, costs, and expenses; (iv) to determine the amount, if any, of Class Counsel's award of attorneys' fees, costs, and expenses; (v) to consider the appropriateness and amount, if any, of a case contribution award for the named plaintiff; and (vi) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

10. The Court reserves the right to (a) adjourn or continue the Final Approval Hearing without further notice to Class Members and (b) approve the Settlement Agreement with modification and without further notice to Class Members. The parties retain their rights under the Settlement Agreement to terminate the Settlement if the Court rejects, materially modifies, materially amends or changes, or declines to finally approve the Settlement.

11. Class Counsel's application for an award of attorneys' fees, expenses, and costs, and any request for a case contribution award for the named plaintiff, will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any appeal from any orders relating solely to Class Counsel's application for an award of attorneys' fees, costs, and expenses, or to any case contribution award for the named plaintiff, or any reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the judgment approving the Settlement and Agreement.

12. If the Settlement is approved, all Class Members who do not exclude themselves will be bound by the proposed Settlement provided for in the Settlement Agreement, and by any judgment or determination of the Court affecting Class Members. All Class Members who do not exclude themselves shall be bound by all determinations and judgments in the Action

concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

13. Papers in support of final approval of the Settlement, Class Counsel's application for attorneys' fees, expenses and costs, and Plaintiff's request for a case contribution award, shall be filed no later than twenty-one (28) calendar days prior to the Objection Deadline. Papers in opposition shall be filed no later than fourteen (21) calendar days prior to the Final Approval Hearing. Reply papers shall be filed no later than fourteen (14) calendar days prior to the Final Approval Hearing.

### Objections and Appearance at the Final Approval Hearing

14. Any member of the Class may appear at the Final Approval Hearing and show cause why the proposed Settlement should or should not be approved as fair, reasonable, and adequate and in the best interests of the Class, or why judgment should or should not be entered, or to present opposition to Class Counsel's application for attorneys' fees, costs, and expenses, or to Plaintiff's request for a case contribution award. No Settlement Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or if approved, the judgment to be entered approving the Settlement, or Class Counsel's application for an award of attorneys' fees, costs, and expenses, or Plaintiff's request for a case contribution award, unless that Settlement Class Member or person (i) filed objections with the Clerk of the United States District Court for the Southern District of New York, electronically or by first-class mail, no later than forty-five (45) calendar days after the Notice Deadline; and (ii) has served written objections, by first-class mail, including the basis for the objection(s), as well as copies of any papers and briefs in support of his or her position upon each of the following no later than forty-five (45) calendar days after the Notice Deadline: Clerk of the Court, Class Counsel, and TouchTunes' Counsel, as set forth in the Notice.

15. For an objection to be considered by the Court, the objection must set forth: (a) the name of this Action; (b) the objector's full name, address, email address, and telephone number; (c) an explanation of the basis upon which the objector claims to be a Class Member; (d) all grounds for the objection, accompanied by any legal support for the objection; (e) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement, Class Counsel's fee application; (f) the identity of all counsel representing the objector who will appear at the Final Approval Hearing; (g) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; (h) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and (i) the objector's signature, even if represented by counsel.

16. Any Class Member who does not make his or her objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement, or to Class Counsel's application for an award of attorneys' fees, costs, and expenses, or Plaintiff's request for a case contribution award. By objecting, or otherwise requesting to be heard at the Final Approval Hearing, a person shall be deemed to have submitted to the jurisdiction of the Court with respect to the objection or request to be heard and the subject matter of the Settlement, including but not limited to enforcement of the terms of the Settlement.

17. Any Settlement Class Member may enter an appearance in the Action, at his or her own expense, individually or through counsel of his or her own choice. If a Class Member does not enter an appearance, he or she will be represented by Class Counsel.

## Exclusion from the Settlement Class

18. Any requests for exclusion must be postmarked no later than forty-five (45) calendar days after the Notice Deadline ("Opt-Out Deadline"). Any person who would otherwise be a member of the Class who wishes to be excluded from the Class must notify the Claims Administrator in writing of the intent to exclude himself or herself from the Class, postmarked no later than the Opt-Out Deadline. The written notification must include the individual's (i) name, (ii) address, (iii) a statement that the person wishes to be excluded from the Settlement in this Action, and (iv) signature. All persons who submit valid and timely notifications of exclusion in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, shall not share in the forms of relief provided by the Settlement, and shall not be bound by the Settlement Agreement or any orders of the Court, or any final judgment.

19. Any person who would otherwise be a member of the Class and who does not notify the Claims Administrator of his/her intent to exclude himself or herself from the Class in the manner stated in this Order shall be deemed to have waived his or her right to be excluded from the Class, and shall forever be barred from requesting exclusion from the Class in this or any other proceeding, and shall be bound by the Settlement and the judgment, including but not limited to, the release of the Released Claims against the Released Parties provided for in the Settlement Agreement and the judgment, if the Court approves the Settlement.

20. The Claims Administrator shall provide weekly reports to Class Counsel and TouchTunes that summarize the number of opt-out notifications received that week. The Claims Administrator shall also provide a final report to Class Counsel and TouchTunes, no later than ten (10) calendar days after the Opt-Out Deadline, that summarize the number of opt-out

notifications received to date, and other pertinent information.

21. Class Counsel shall move to file copies of all completed opt-out notifications under seal with the Court no later than ten (10) calendar days prior to the Final Approval Hearing.

## Termination of the Settlement

22. If the Settlement fails to become effective in accordance with its terms, or if the judgment is not entered or is reversed, vacated or materially modified on appeal (and, in the event of material modification, if either Party elects to terminate the Settlement), this Order shall be null and void, the Settlement Agreement shall be deemed terminated (except for any paragraphs that, pursuant to the terms of the Settlement Agreement, survive termination of the Settlement Agreement), and the Parties shall return to their positions *status quo ante* without prejudice in any way, as provided for in the Settlement Agreement.

## The Use of this Order

23. As set forth in the Settlement Agreement, the fact and terms of this Order and the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Order and the Settlement, and any act performed or document signed in connection with this Order and the Settlement, shall not, in this or any other Court, administrative agency, arbitration forum or other tribunal, constitute an admission, or evidence, or be deemed to create any inference (i) of any acts of wrongdoing or lack of wrongdoing, (ii) of any liability on the part of TouchTunes to the Class Representative, the Class or anyone else, (iii) of any deficiency of any claim or defense that has been or could have been asserted in this Action, (iv) of any damages or lack of damages suffered by the class representative, the Class or anyone else, or (v) that any benefits obtained by the Class pursuant to the Settlement Agreement or any other amount represents the amount that

could or would have been recovered in this Action against TouchTunes if it was not settled at this point in time. The fact and terms of this Order and the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Order and the Settlement, including but not limited to, the judgment and the release of the Released Claims provided for in the Settlement Agreement and the judgment, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum or other tribunal, except as necessary to enforce the terms of this Order and/or the Settlement.

24. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

**IT IS SO ORDERED.**

DATE: 12/21/17

The Honorable Lewis A. Kaplan
United States District Judge