UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED MAY 18 2018 JUDGE KAPLAN'S CHAMBERS

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/24/18

MICHELLE CLINE and KELLY ENGSTROM, Individually and On Behalf Of All Others Similarly Situated,

        Plaintiffs,

vs.

TOUCHTUNES MUSIC CORPORATION,

        Defendant.

Index No.: 14 Civ. 4744 (LAK)

**[~~PROPOSED~~] ORDER GRANTING APPROVAL OF CLASS SETTLEMENT AND GRANTING AN ORDER FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

This matter came on for hearing on May 2, 2018. The Court has considered the Settlement Agreement and Release dated October 13, 2017 ("Settlement Agreement"), entered into between Plaintiff Michelle Cline ("Plaintiff") and Defendant TouchTunes Music Corporation ("TouchTunes") (collectively, the "Parties"), together with all exhibits thereto, all oral and/or written objections and comments received regarding the Settlement Agreement, the arguments and authorities presented by the Parties and their counsel, and the record in the Action, and good cause appearing,

NOW, it is hereby ORDERED as follows:

1. For purposes of this Order, the Court adopts all defined terms as set forth in the Settlement Agreement, except as set forth in paragraph 12 below.

2. The Court has jurisdiction over the subject matter of the Action, Plaintiff, Class Members, and TouchTunes, and venue is proper in this District.

3. Pursuant to Federal Rule of Civil Procedure 23, the Court finds that it is proper to

certify, and hereby does finally certify, for settlement purposes only, the following:

    a.    A Class consisting of all persons who, between May 30, 2010 and October 28, 2013 purchased a credit to play a song through TouchTunes' mobile App, which was not played because it was skipped by a person using a TouchTunes-branded remote control in connection with a TouchTunes digital jukebox, who did not receive a refund for such skipped song.

    b.    Two sub-classes consisting of:

        1.    the "Automatic Credit Sub-Class" consisting of all persons who, from November 1, 2012 to October 28, 2013 purchased a credit to play a song through TouchTunes' mobile App, which was not played because it was skipped by a person using a TouchTunes-branded remote control in connection with a TouchTunes digital jukebox; and

        2.    the "Claim Credit Sub-Class" consisting of all persons who, from May 30, 2010 to October 31, 2012, purchased a credit to play a song through TouchTunes' mobile App, which was not played because it was skipped by a person using a TouchTunes-branded remote control in connection with a TouchTunes digital jukebox, who did not receive a refund for such skipped song selection, and who submit a Valid Claim.

4.    Excluded from the Class are the following persons who submitted timely and valid requests to be excluded from the Class according to the Claims Administrator's records, and who are hereby excluded from the Class, are not Class Members as that term is defined in the Settlement Agreement and used herein, and shall not be bound by this Order, any release provided herein, or the Final Judgment entered in connection with this Order: Jason Vander Weele, Katie M. Shade, Kyle Humphreys.

5. The Court finds that Class Counsel and Plaintiff, as class representative, have fairly and adequately represented the interests of the Class Members.

6. The Court finds that the Parties complied with the notice provisions set forth in the Class Action Fairness Act, 28 U.S.C. § 1715.

7. The Court finds that the Notice Program has been implemented by the Claims Administrator and the Parties, and that such Notice Program, including the utilized Notice Form, constitutes the best notice practicable under the circumstances and fully satisfied due process, the requirements of Rule 23 of the Federal Rules of Civil Procedure, and all other applicable laws.

8. The Court has specifically considered the factors relevant to class settlement approval, and for the reasons stated on the record on May 2, 2018 the Court finds that the Settlement Agreement, including the exhibits thereto, is fair, reasonable, and adequate, is in the best interests of the Class Members, has been entered into in good faith, and should be and hereby is fully and finally approved pursuant to Federal Rule of Civil Procedure 23.

9. The Court has considered and hereby overrules all objections.

10. The Parties and Claims Administrator are hereby directed to implement the Settlement Agreement in accordance with the terms and provisions thereof, including the Automatic Credit Sub-Class Process and Claim Credit Sub-Class Process.

11. As of the Effective Date, the Releasing Parties shall be deemed to have, and by operation of this Order and the Final Judgment entered in connection with this Order shall have, fully and irrevocably released and forever discharged the Released Parties from all Released Claims, as more fully set forth in Section 11 of the Settlement Agreement.

12. On the consent of the Parties, Section 1.24 of the Settlement Agreement is amended to read as follows: "Released Claims" means all claims, whether known or unknown

(including, but not limited to, "Unknown Claims"), as defined in Section 1.31, that were asserted or could have been asserted in this case by Plaintiff or Class Members, directly against the Released Persons under federal or state law, arising out of or relating to their use of TouchTunes' services or Terms of Use during the Class Period. Excluded from the "Released Claims" are claims arising out of the violation or breach of the terms of the Settlement.

13. As of the Effective Date, the Releasing Parties shall further be deemed to have waived and released any and all provisions, rights and benefits conferred by Section 1542 of the California Civil Code or similar laws of any other state or jurisdiction.

14. For the reasons set forth on the record, Plaintiff's Motion for Attorneys' Fees, Reimbursement of Expenses, and Plaintiff's Incentive Award (ECF No. 43) is granted in part and denied in part, as follows:

   a. Defendant shall pay to Plaintiff's counsel a fee award equal to half of the value of all Song Credits redeemed by Class Members valued at 40 cents per Song Credit, plus costs of $400.

   b. The fee award shall be payable to Plaintiff's counsel within 30 days after the expiration of all Song Credits as provided in the Settlement Agreement.

   c. The request for an incentive award for Plaintiff is denied.

15. The Court hereby dismisses this Action with prejudice. The Releasing Parties are hereby permanently barred and enjoined (including during the pendency of any appeal taken from this Order or from the Final Judgment entered in connection with this Order) from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly, any Released Claims, as set forth in Section 11 of the Settlement Agreement, in any judicial, administrative, arbitral or other forum, against any of the Released Parties. This permanent bar

and injunction is necessary to protect and effectuate the Settlement Agreement, this Order, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

16. Nothing in this Order or in the Final Judgment entered in connection with this Order shall preclude any action to enforce the terms of the Settlement Agreement.

17. Without affecting the finality of this Order in any way, the Court hereby retains continuing and exclusive jurisdiction over the Action, the Parties, Class Counsel, and Class Members for the purpose of supervising, construing, and enforcing this Order and the Settlement Agreement in accordance with its terms.

18. Neither this Order, the Final Judgment entered in connection with this Order, nor the Settlement Agreement (nor any other document referred to herein, nor any action taken to carry out this Order or the accompanying Final Judgment) shall be construed as or used as an admission or concession by or against TouchTunes or the Released Parties regarding the validity of any claim or defense or any actual or potential fault, wrongdoing, or liability whatsoever.

19. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement and to make other non-material modifications, in implementing the Settlement Agreement, that are not inconsistent with this Order.

20. The Clerk shall enter Final Judgment, consistent with this Order, forthwith.

**IT IS SO ORDERED.**

DATE: 5/24/18

_____
The Honorable Lewis A. Kaplan
United States District Judge